# Horn, Appellant, *v.* Horn.

*Divorce—Desertion—Presumption—Intention.*

Where a husband changes his home, and the wife does not go with him, the mere fact that the wife does not go is not conclusive upon the question of her intention to desert. There may be circumstances which will rebut the presumption of an intention on her part to desert.

Where a husband moves to a distant city, and his wife does not accompany him, and it appears that she stayed in their original home on account of the education of her daughter, but promised her husband that she would come to him after her daughter's studies were completed in a few months, and it also appears that the husband had not provided a suitable and proper home in his new place of residence, and had not complied with his wife's request for money to pay back rent so as to relieve their household goods from the landlord's claim, the husband cannot charge that his wife is guilty of wilful and malicious desertion.

Argued April 22, 1901.   Appeal, No. 140, April T., 1901, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1900, No. 234, dismissing libel for divorce in case of Andrew Horn v. Carrie L. Horn.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Libel for divorce on ground of desertion.

FRAZER, P. J., filed the following opinion :

The libellant and respondent were married on August 9, 1877, at the city of Williamsport, and lived together in that city as man and wife until some time in April, 1896, when the libellant came to Pittsburg to engage in business.   The ground alleged for a divorce is wilful and malicious desertion upon the part of the respondent, the libellant claiming that the respondent has refused, without cause, to come to this city and live with him.   A husband's right to change his home, if his business or convenience requires it, cannot be denied, and if he provides another suitable and proper place of residence for his wife, it is her duty to accompany him to the new home ; and, if she refuses to do so without cause, her refusal constitutes a desertion for which a divorce may be granted.   If the libellant for business purposes came to Pittsburg, and in good faith requested his wife to follow him, provided a home for her here, and she refused without cause to come, she is guilty of desertion, and a divorce should be granted.   The burden is on the libellant to establish these facts.   [From the evidence it appears that libellant's first request to his wife to come here to live was made in the latter part of December, 1896.   To that request she replied that a change at that time was not advisable, as she and her daughter could live more cheaply at Williamsport than Pittsburg, and for the further reason that the daughter would graduate at the high school in the following June.] [1] Respondent was not again asked to come to Pittsburg until December, 1899.   [In the mean time, in the month of June preceding, libellant visited Williamsport for the purpose of seeing his daughter graduate.   At that time, instead of staying at his own home while there, he remained at the house of a married daughter, ignoring his wife entirely, although requested by her and the single daughter to come home.   His stay in

Williamsport was brief, lasting only a few days.] [2] After his return to Pittsburg no request was made by him that his wife come here until December, following.  To that request his daughter, acting for her mother and herself, replied that she, the daughter, would be through with her shorthand studies about Christmas, "and then mamma and I will both come together;" and requesting that libellant send money enough to pay rent and household bills, amounting in all to about $130. In response to this request he remitted $25.00.   The rent was not paid, and the only other remittance was one of $35.00 in April following.] [3]   Since that time libellant has had no further communication with his family.

[I have examined all of the letters offered in evidence, and have also carefully read over the testimony taken at the hearing, and am not satisfied that there has been a wilful and malicious desertion upon the part of the respondent.] [4]  [In fact, the testimony shows a willingness upon the part of both wife and daughter to come to Pittsburg as soon as they received money enough from the libellant to pay their debts and have their household goods relieved from the claim of their landlord for back rent.] [5]   The testimony and letters rather indicate, to my mind, that libellant has not acted in good faith.   [If he was desirous of having his wife come here to live, why has he not paid her bills, for which he is both legally and morally bound?] [6] [and why did he, "of his own choice," remain at the house of his daughter in Williamsport in June, 1899, instead of staying at his own home with his wife?] [7]   These acts upon his part he has failed to explain.   [His attempt to show that he had provided a suitable and proper home here for his wife was an utter failure, and not worthy of consideration.] [8]   [The testimony fails to sustain the allegation of desertion as set forth in the libel, and a decree is therefore refused.] [9]   The costs of these proceedings to be paid by libellant.

[And now, to wit: February 26, 1901, the above case having come on to be heard on libel, answer and proofs, and after argument of counsel, and upon due consideration, it is ordered, adjudged and decreed, that the libel filed in said case be dismissed, at the costs of the libellant.] [10]

*L. C. Barton,* for appellant.—A husband has a right to change

his home, if his business, his comfort or his convenience require it, if he provides another suitable place of residence; and if his wife refuses to accompany him to his new home, without cause, her refusal constitutes a desertion, for which a divorce will be decreed: Beck v. Beck, 163 Pa. 649; Bauder's Appeal, 115 Pa. 480.

If she remains away against his will and request, that tends to prove desertion: Heilbron v. Heilbron, 158 Pa. 300.

*Homer L. Castle*, for appellee.

OPINION BY RICE, P. J., July 25, 1901:

The legal proposition upon which the appellant's counsel rests is that a husband has a right to change his home, if his business, his comfort or his convenience require it, if he provides another suitable place of residence, and if his wife refuses to accompany him to his new home without cause, her refusal constitutes a desertion, for which a divorce will be decreed. We concede the correctness of this statement of the law, as a general proposition, but in applying it to the facts of the case it is also to be borne in mind that to justify a decree of divorce on the ground of desertion, there must be a clear intention to desert, wilfully and maliciously persisted in without cause for two years. It may be that the respondent preferred not to go to Pittsburg, but that she refused without cause to follow her husband to that city, and persisted in that refusal for two years, is not satisfactorily established by the evidence. The fact that she did not go is not conclusive upon the question of intention. There may be circumstances which will rebut the presumption of an intention to desert which otherwise might arise from the failure of a wife to follow her husband to his new home. See Bishop v. Bishop, 30 Pa. 412; Angier v. Angier, 63 Pa. 450. We think the court was clearly right in concluding from the oral testimony and the correspondence of the parties that such presumption was rebutted in the present case. We need not discuss the assignments of error separately. The findings of fact set forth in the opinion of the learned judge below are warranted by the evidence in all essential particulars and upon the whole evidence he was warranted in concluding that a case of wilful and malicious desertion on the part of the respondent

was not made out.   We see no necessity for prolonging this litigation, therefore the appellee's motion to continue the cause is overruled.

The decree is affirmed, the costs in the court below and in this court to be paid by Andrew Horn, the appellant.