## Shaw v. Shaw, Appellant.

*Divorce—Trial by jury—Evidence—Review.*

Where there is a trial by jury in a divorce case, the appellate court is relieved from the burden of reviewing the evidence with reference to its credibility. The provision for appeal to a jury implies that its verdict shall determine the facts in the case if there be competent evidence.

*Divorce—Cruel and barbarous treatment—Indignities to the person— Evidence—Act of March 13, 1815, 6 Sm. L. 286, and May 8, 1854, P. L. 644.*

Under the Act of May 8, 1854, P. L. 644, which gives to a husband a right to a divorce for cruel and barbarous treatment, whatever directly tends to show a course of treatment which renders the condition of the libelant intolerable and his life burdensome, is admissible in evidence, and in determining whether there was cruel and barbarous treatment within the meaning of the statute the whole conduct of the wife toward her husband during the period of the alleged ill-treatment should be considered.

A decree for divorce in favor of a husband on the ground of cruel and barbarous treatment will be sustained where there is evidence that the respondent assaulted the libelant with a dagger and drove him out of the house; that at another time she threw a valise at him, that she struck him in the face with a ring; that she frequently used profane and obscene language; that she in a number of instances, sent to him offensive postal cards through the mail; that she exhibited a violent and quarrelsome disposition; interfered with him in his business; and by her general and continuous course of conduct towards him brought on nervous prostration and inability to carry on his work as an instructor in music.

Argued Oct. 30, 1907. Appeal, No. 115, Oct. T., 1907, by defendant, from judgment of C. P. Lebanon Co., Dec. T., 1904, No. 62, on verdict for libelant in case of W. Warren Shaw v. Helen Shaw. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Libel for divorce. Before EHRGOOD, P. J.
The facts are stated in the opinion of the Superior Court.
Verdict and judgment for libelant. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Fred W. Sperling* and *E. E. McCurdy*, of *Gobin & McCurdy*, with them *H. Rank Bickel*, for appellant.—The evidence was not sufficient to sustain a decree for divorce: Lloyd v. Lloyd, 2 Woodward, 481; Carter v. Carter, 1 Kulp, 359; Doan v. Doan, 3 Clark, 7; Ottenberg v. Ottenberg, 32 Pa. C. C. Rep. 208; Van Dyke v. Van Dyke, 135 Pa. 459.

*John W. Wescott*, with him *Walter C. Grœff* and *Harry D. Wescott*, for appellee.—The case was for the jury: Fay v. Fay, 27 Pa. Superior Ct. 328; Barnsdall v. Barnsdall, 171 Pa. 625; Middleton v. Middleton, 187 Pa. 612; Reed v. Reed, 30 Pa. Superior Ct. 229.

OPINION BY HENDERSON, J., April 20, 1908:

The questions at issue before the jury in this case involved the charges of (1) desertion, (2) cruel and barbarous treatment and (3) indignities to the person. The jury found for the defendant on the first and for the plaintiff on the other two. As there was a trial by jury we are relieved from the burden of reviewing the evidence with reference to its credibility. The provision for an appeal to a jury implies that its verdict shall determine the facts in the case if there be competent evidence: Middleton v. Middleton, 187 Pa. 612; Fay v. Fay, 27 Pa. Superior Ct. 328. Our only inquiry is whether the case should have been submitted to the jury on the evidence offered by the libelant. In many instances testimony bearing upon the charge of cruel and barbarous treatment is also relevant under a charge of indignities to the person and such is the case here. The testimony covers the history of the parties from their marriage to the time of the trial and is very voluminous. We have examined it all with care and are of the opinion that it sustains the action of the court. The plaintiff's testimony shows acts of physical violence at different times and a course of conduct which brings it within the description of cruel and barbarous treatment. There is evidence that the respondent assaulted the plaintiff with a dagger and drove him out of the house; that she threw a valise at him at another time; that she struck him in the face with a

ring; that she frequently used profane and obscene language; that she, in a number of instances, sent to him offensive postal cards through the mail; that she exhibited a violent and quarrelsome disposition; interfered with him in his business and by her general and continuous course of conduct toward him brought on nervous prostration and inability to carry on his work. The testimony also shows that she endeavored to prevent him from prosecuting his profession as an instructor in music; that she disparaged his ability in the presence of strangers and humiliated him publicly in various ways. We do not deem it necessary to recite in detail the story of the matrimonial experience of the parties. The jury has credited the libelant's story and has found that he has been subjected to cruel and barbarous treatment and to indignities to the person, such as made his condition intolerable and life burdensome. The parties appeared as witnesses at the trial and the court and jury were best able to determine the truth of their respective allegations. The case was fairly submitted to the jury by the learned trial judge and upon a motion for a new trial the evidence was reviewed and the ruling at the trial adhered to. It was contended then, as in this court, by the appellant's counsel that the cruel and barbarous treatment which would entitle the libelant to a divorce is only that which endangers life and health. Such is the language of the Act of March 13, 1815, 6 Sm. L. 286, which applies to an action brought by a wife against a husband for that cause, but the Act of May 8, 1854, P. L. 644, which gives to a husband a right to a divorce for cruel and barbarous treatment, is in different terms. The latter act allows a divorce to a husband where his wife "shall have, by cruel and barbarous treatment, rendered the condition of her husband intolerable or life burdensome." It was held in Jones v. Jones, 66 Pa. 494, that the act did not limit cruel and barbarous treatment to acts that endanger life alone. The same ruling was made in Barnsdall v. Barnsdall, 171 Pa. 625, and in Fay v. Fay, 27 Pa. Superior Ct. 328. In the latter case it was said "whatever directly tends to show a course of treatment which renders the condition of the libelant intolerable and his life burdensome is admissible in evi-

dence and in determining whether there was cruel and barbarous treatment within the meaning of the statute the whole conduct of the wife toward her husband during the period of the alleged ill-treatment should be considered." The court was not in error, therefore, in refusing to affirm the ninth, tenth and eleventh points of the defendant. After an examination of all of the evidence we are constrained to hold that the court was not in error in submitting the case to the jury.

The decree is affirmed.