# Cooper, Appellant, *v.* Cooper.

*Divorce—Presumption—Voluntary separation—Desertion.*

A divorce will not be granted to a husband for desertion by his wife, where there is no evidence as to whether his wife went voluntarily, was expelled by her husband, or left in pursuance of a mutual agreement, while there is evidence that the husband within a few days after the departure of his wife leased his house to a tenant, left the state, and never made any attempt to communicate with his wife, or to give her any intimation as to where he had located. In such a case the law will presume that the parties separated by mutual consent.

Separation by mutual consent is not willful and malicious desertion, and is no ground for divorce in Pennsylvania.

Argued May 6, 1908.  Appeal, No. 229, April T., 1908, by plaintiff, from decree of C. P. No. 3, Allegheny Co., April T., 1907, No. 448, refusing divorce in case of Pierson H. Cooper v. Nancy E. Cooper.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Libel for divorce on ground of desertion.  Before KENNEDY, P. J.

In the court below Alfred Kerr, Esq., master, reported in favor of allowing a divorce.  The court, however, in an opinion by KENNEDY, P. J., refused the decree, filing an opinion in which he held that the court had no jurisdiction because the alleged desertion took place in the state of New Jersey, and the respondent had never become a resident of Pennsylvania.

*Error assigned* was decree refusing the divorce.

*F. W. Miller*, of *Robb & Miller*, for appellant.

No appearance nor printed brief for appellee.

OPINION BY PORTER, J., October 12, 1908:

The libelant seeks a divorce from his wife, who is a resident and always has been of the state of New Jersey, upon the ground of "willful and malicious desertion and absence from the habitation of the libelant, without a reasonable cause, for and during the term and space of two years."  The learned judge of the court below entered a decree refusing the divorce and dismissing the libel, and the libelant appeals.  We have carefully considered the testimony and are not satisfied that the decree of the court below was erroneous.  The libelant called but two witnesses, and assuming the testimony to be true, in so far as it is not manifestly mere hearsay, the following were the only material facts established: The appellant and his wife were married in Sussex county, state of New Jersey, on June 16, 1886, and were from that date until

February, 1903, citizens of and domiciled in the state of New Jersey, living together as man and wife. Early in February, 1903, the exact date not given, one of the witnesses, an employee of libelant, went with the libelant to the home of the latter and entered the house at the rear door, which was not locked; the other outside doors of the house were locked, as were also the inside doors, except that of one bedroom, and the wife of libelant was not about the house. The wife was seen about the house a few times after that, and a few days later on, February 8, 1903, she came there with her brother-in-law, packed up the household goods and furniture, placed the things on a wagon which hauled them away, and she and her brother-in-law then drove away in a buggy. Some of the articles of furniture were subsequently seen at the house of this brother-in-law, in Sparta, Sussex county, New Jersey, where the respondent was living with her sister, the wife of the brother-in-law referred to in the testimony. The husband, this appellant, within a few days after his wife had thus gone to live with her sister, rented his dwellinghouse to a tenant, closed out his business and came to Pittsburg, where he has since lived. The other witness corroborated this testimony in part, and no evidence was produced tending to establish any other fact material to this case.

There was no evidence as to how long the respondent had been absent from the house at the time the libelant and his business employee went to his home on the day first referred to. There was no evidence as to the circumstances under which she first left the house, nor as to what occurred at that time or immediately prior thereto. There was no evidence as to whether she went voluntarily, was expelled by her husband, or in pursuance of a mutual agreement. The fact that they lived apart would establish that there had been a separation. Is willful and malicious desertion a natural and necessary inference from such a state of facts? "The terms imply free election, to live with or not live with the party deserted, and determined upon against the marital obligation, impelled thereto by willfulness and malice. The choice must be free, excepting so far as it may be controlled by these evil impulses:"

Bishop v. Bishop, 30 Pa. 412. The terms of the statute also imply that the party charged with willful and malicious desertion shall have two years within which to repent, and during that time a reasonable opportunity to resume marital relations: before a divorce upon this ground shall be decreed. The husband in this case, within a few days after his wife had gone to the house of her sister, leased to a tenant what had been their common home and himself left the state which had been their domicile. There is no evidence that he ever made any attempt to communicate with his wife, or which would sustain an inference that she knew of his whereabouts. How could she return to him, when she did not know where he was? There is in the case no evidence of a declaration by the respondent that she did not wish to live with her husband or would not return to him at any time that he so desired. The libelant has all this time known where his wife was, but he has given to her no intimation as to where he has been located. The fair inference to be drawn from the facts established by the evidence, extending to the parties the legal presumption of innocence and honesty, until the contrary is made to appear, is that the parties separated by mutual consent. Separation is not willful and malicious desertion, and the appellant is not, under the law of Pennsylvania, entitled to a divorce: Ingersoll v. Ingersoll, 49 Pa. 249; Musgrave v. Musgrave, 185 Pa. 260; Middleton v. Middleton, 187 Pa. 612; Hull v. Hull, 14 Pa. Superior Ct. 520.

Whether the statutes of Pennsylvania, not omitting the Act of April 28, 1903, P. L. 326, empower the courts to decree a divorce for a cause occurring in another state where the parties were then domiciled, and one of the parties leaves the common domicile and coming into Pennsylvania resides here one year, but the other party remains in what was formerly the domicile of both, never comes into Pennsylvania and is not served with process and does not appear in the proceeding, is a question which can be determined when a case presents sufficient evidence as to the cause for a divorce. The very interesting brief submitted by the learned counsel for the appellant, upon the question above stated, affords con-

vincing evidence of his ability and industry, but it is not necessary to consider that question in this case. The evidence would not have been sufficient to justify a divorce even if the parties had been domiciled in Pennsylvania and the alleged cause had here occurred.

The decree is affirmed and the appeal dismissed at cost of the appellant.