# Hagman, Appellant, *v.* Hagman.

*Divorce—Desertion—Evidence.*

A suit by a husband for divorce on the ground of desertion cannot prevail where the proof shows residence of the parties within the time required to give the court jurisdiction, that they then went to a foreign country, where they resided for a time, that the husband returned without his wife, but thereafter visited her several times, and finally returned without her, and there is no proof of the grounds for the final separation or any competent evidence that the wife had refused without reasonable cause to come with, or follow him to this country, or of any other fact which would be valid ground for the presumption of an intention on her part to desert willfully and maliciously persisted in for two years.

Argued Dec. 15, 1908. Appeal, No. 183, Oct. T., 1908, by plaintiff, from decree of C. P. No. 5, Phila. Co., June T., 1905, No. 167, dismissing libel for divorce in case of Edward Hagman v. Hannah Hagman. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Libel for divorce on the ground of desertion. Before Ralston, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to report of Thomas Kelby Smith, Esq., master, and in dismissing the libel.

*Joseph Hill Brinton,* for appellant, cited: Horn v. Horn, 17 Pa. Superior Ct. 486.

No book for appellee.

PER CURIAM, February 26, 1909:

The allegations of the libel are, that the parties were married in Boston, Mass.; that they went from there to Sweden on a visit with a view to returning to America; that afterward the libelant returned to America, the libelee having acquiesced therein and agreed to follow him when he should have established a home in Philadelphia; that having established a home in that city, he immediately requested the libelee to join him there, and furnished her the means of transportation; and that she declined without reasonable cause to come to America, and has since willfully and maliciously persisted in her refusal to join him there. Personal service of the subpœna or of the rule to take depositions was not made on the libelee, and she did not appear and defend. The testimony of the libelant and the witnesses called by him is sufficient to establish the fact of marriage and of his residence in Philadelphia for the period of time requisite to give the court jurisdiction, and to warrant a finding that he is an industrious man of good character and behavior and of sufficient ability to support his wife. But his witnesses do not testify as to the circumstances under which the parties separated in Sweden. They do testify to having been shown letters by the libelant in which he requested her to come to this country, and a letter or letters purporting to be from her refusing to come. But there is no competent evidence of the mailing of his letters to her or of the authenticity of the letter or letters purporting to come from her, and the latter were not produced at the hearing. This testimony, as well as the testimony as to what the libelant said to these witnesses, is clearly incompetent. Disregarding the hearsay and otherwise incompetent testimony,

there is none which would warrant a finding that she refused without reasonable cause to come with, or follow, him to this country, or of any other fact which would be valid ground for the presumption of an intention on her part to desert, willfully and maliciously persisted in for two years.  There has been a separation for many years, it is true, but by the libelant's own admissions in his libel it had its inception under circumstances which forbid the presumption of an intention on her part to desert at that time; it was therefore incumbent on him to show that something occurred later from which such intention may be inferred: King v. King, 36 Pa. Superior Ct. 33.  The mere fact, unexplained by competent testimony, that she did not come to this country, is not sufficient.

We have thus far spoken of the case as it was presented when the court referred the case back to the master to ascertain whether the libelee ever lived in this country so as to give the court jurisdiction in the premises.  On the second hearing the fact was developed, which seems quite inconsistent with the allegations of the libel, that at one time she lived with the libelant in Philadelphia and then returned to Sweden.  But as on the first hearing the libelant volunteered the testimony that he had returned to Sweden several times, their final separation, which he says took place when they were living together in that country, must have occurred after their living together in Philadelphia.  This being so, the fact developed on the second hearing before the master cannot change the result.  Even with that fact in it, and assuming that they did not live together after she went from Philadelphia to Sweden, the case presented by the libelant is weaker than Bishop v. Bishop, 30 Pa. 412, and Horn v. Horn, 17 Pa. Superior Ct. 486.

The decree is affirmed at the costs of the appellant.