## Kurniker, Appellant, v. Kurniker.

*Divorce—Desertion—Separation—Mutual consent—Arbitration.*

1. Where a wife leaves her husband, taking her child with her, and thereafter husband and wife enter into a written agreement by which they agree to submit to arbitrators all the differences between them relating to their married life, the custody of the child, provision for maintenance of wife, and respective property rights, and the arbitrators make an award in strict accordance with the agreement, and the husband submits to the award, complies with its terms, and neither repudiates it nor the agreement, he cannot thereafter maintain a libel against his wife for divorce on the ground of willful and malicious desertion.

2. When a separation is continued by mutual consent as between the parties, it cannot be held to be a willful and malicious desertion for the purpose of procuring a divorce.

Argued April 16, 1913. Appeal, No. 29, April T., 1913, by plaintiff, from decree of C. P. Allegheny Co., Nov. T., 1911, No. 323, refusing divorce in case of Max W. Kurniker v. Annie N. Kurniker. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Libel for divorce. Before REID, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree refusing divorce.

*Ernest C. Irwin*, for appellant.—The court below erred in deciding that when a wife has deserted her husband without cause and persists in such desertion, the husband bars his right to a divorce by contracting with her in any way which recognizes the fact of that desertion: Ogilvie v. Ogilvie, 37 Ore. 171 (61 Pac. Repr. 627); Lemmert v. Lemmert, 103 Md. 57; Nichols v. Nichols, 10 Ky. Law, 930 (11 S. W. Repr. 286); Power v. Power, 66 N. J. Eq. 320; (58 Atl. Repr. 192); Magrath v. Magrath, 103 Mass. 577.

*Leonard S. Levin,* for appellee.—If a husband and wife enter into a written agreement to submit differences arising out of the marriage relation to a board of arbitrators, and an award is made in pursuance thereof, said agreement and award act as a bar to a divorce on the ground of desertion: Olson v. Olson, 27 Pa. Superior Ct. 128; King v. King, 36 Pa. Superior Ct. 33; Kelly v. Kelly, 51 Pa. Superior Ct. 603.

OPINION BY PORTER, J., July 16, 1913:

The appellant filed his libel in the court below praying for a decree divorcing him from the respondent upon the ground of willful and malicious desertion. The court below, after deliberate consideration of the evidence, held that the libelant had not established his right to a decree of divorce and dismissed his libel; from which decree the libelant appeals.

The parties were married in 1894 and cohabited as husband and wife until January 19, 1910, when the appellee left the common home; taking with her their child, a girl five years of age. The parties on March 21, 1910, entered into a written agreement, which after reciting the marriage and that the wife had on January 19, 1910, left the habitation of her husband and that since said date divers differences and disputes had arisen which it was desired to amicably adjust, covenanted, "That in consideration of the mutual covenants each to the other moving, the acts, promises and rights relinquished, accepted, given and received by each of the said parties to the other, the said parties to this contract do covenant to and with each other that they will submit their divers differences to a board of arbitrators" (consisting of three persons named) "which said three arbitrators shall comprise and compose a board of arbitrators to determine all matters in dispute between the parties hereto relating to their married life and the claims of each party to the other and the property of each other." Then followed a covenant by which the parties bound themselves, respectively, to accept the

award of the arbitrators "as the final determination of the said matters in dispute" and not to submit any of such matters to any court of law or equity "at any place on earth," but reserving the right to each party to enforce the award of arbitrators "by going into a court of law or equity." Then followed this covenant: "In further consideration of the premises it is mutually understood and agreed between the parties hereto, that all matters relating to the property of each other, and all rights and duties, liabilities and claims of whatsoever kind now based upon the marriage relation subsisting between the parties hereto shall be submitted to the aforesaid board of arbitrators, which said board of arbitrators shall determine the right of each party to the property of the other; the claim of each party upon the property of the other; the right of support and the amount thereof; the custody of the said child and the term of said custody; and the said determination of the said board of arbitrators shall be and it is hereby agreed to be accepted as the final determination of all the said matters." The board of arbitrators so named made an award in writing finding: "That Max W. Kurniker shall pay to Annie N. Kurniker the sum of $45.00 per month, payable monthly. This monthly payment shall be for the support of said Annie N. Kurniker and Helen Kurniker, her child, and shall be in satisfaction of any and all claims that Annie N. Kurniker now has or may have, either on behalf of herself or her child, against Max W. Kurniker for support, maintenance or otherwise. We award the custody of the child, Helen Kurniker, unto Annie N. Kurniker until April 28, 1916, after which date the child shall be permitted to choose before the attorneys of both parties, and if she prefers shall be given during her minority into the custody of Max W. Kurniker. Continuously during the time intervening between the date of this award and April 28, 1916, Annie W. Kurniker shall bring or cause to be brought the said child, Helen Kurniker, to the home or dwelling-place of Max W. Kurniker in Allegheny County each and every Saturday afternoon,

between the hours of four and six.   Max W. Kurniker shall have the custody of the said child each and every week, beginning Saturday afternoon at four P. M. for a period of twenty-four hours, after which he shall return or cause to be returned the said child, Helen Kurniker, to the home or dwelling-place of Annie N. Kurniker, in Allegheny County, each and every Sunday afternoon between the hours of four and six." Then followed detailed findings as to the custody of the child during a summer vacation of four weeks in each year, and during the week of the Christmas holidays.

We are not called upon to determine whether these parties were legally bound by the covenants of their contract and were concluded by the award of arbitrators made thereunder.   The contract and the award are only material and important because they throw light upon the relation in which these parties stood to each other, after the contract was made, the circumstances under which the separation of husband and wife was continued, and whether this libelant consented to his wife subsequently living separately.   The contract did not merely refer to the determination of the arbitrators the property rights of the parties, it expressly provided that the arbitrators should "determine all matters in dispute between the parties hereto relating to their married life and the claims of each party to the other and the property of each other." It expressly covenanted "that all matters relating to the property of each other, all rights and duties, liabilities and claims of whatsoever kind now based upon the marriage relation subsisting between the parties hereto shall be submitted to the aforesaid board of arbitrators," and that the arbitrators should determine "the custody of the said child and the term of said custody."   The contract did not in express terms covenant that the parties should live separate and apart, but it clearly indicates upon its face that the parties contemplated a continued separation, for if they were to live together there was no reason why the arbitrators should consider any question of "the right

of support and the amount thereof," or "the custody of the said child and the term of said custody." The award of arbitrators was clearly within the terms of the submission and it was made upon the basis that the separation of the parties should continue and that the libelant should pay to the respondent a definite sum per month for the support of herself and their child, and that the child should at specified times be sent from the home of the one to the home of the other, thus clearly indicating that they should not have a common home. There is nothing in the evidence to indicate that this appellant ever repudiated this contract, or that he ever notified his wife that he would not stand upon the award made in pursuance of its covenants. Under the covenants of the contract and the terms of the award, the appellee had the right to assume that the appellant was consenting to their continued separation, until she had clear and unequivocal notice to the contrary.

The burden was upon the appellant, in order to entitle him to a divorce upon the ground of desertion, to establish that that desertion was not only willful and malicious in its inception, but that it continued willful and malicious, that is without his consent, during the entire period of two years. "What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce. . . . The mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement:" Olson v. Olson, 27 Pa. Superior Ct. 128; King v. King, 36 Pa. Superior Ct. 33; Thompson v. Thompson, 50 Pa. Superior Ct. 159. When a separation is continued by mutual consent, as between the parties, it cannot be held to be a willful and malicious desertion, for the purpose of procuring a divorce. The learned judge of the court below disposed of this case in accordance with well-established principles.

The decree of the court below is affirmed.