## Finger, Appellant, v. Finger.

*Divorce—Desertion—Absence without cause—Insufficient proof.*
Where a husband fails to support his wife and is arrested for nonsupport and, although suit is withdrawn, afterwards makes but small and infrequent payments for the maintenance of his wife, the latter is not guilty of wilful desertion because she refuses to live with him. It is not absence without cause for a wife to refuse to live with her husband when he does not provide adequate means of support. Her refusal to live with him is not absolute but because he cannot provide for the family, and in such case she is not guilty of wilful and malicious desertion.

Argued May 2, 1919. Appeal, No. 156, April T., 1919, by libellant, from decree of C. P. Allegheny Co., January T., 1918, No. 656, refusing divorce in the case of Frank Finger, Jr., v. Bertha Finger. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Libel in divorce. Before CARNAHAN, J.

The case was referred to Harry P. Burns, Esq., as master, who recommended that the court grant a divorce.

The court below, on its own motion, stated that the evidence did not disclose a case of wilful and malicious desertion and entered an order refusing a decree in divorce. Libellant appealed.

*Error assigned* was decree of the court.

*Harvey Morton Aronson,* and with him *Aronson & Aronson,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., July 17, 1919:

The wife left her husband because he failed to support her. The testimony discloses that he never stuck to any job for a long time and that between jobs they had a very hard time to get along. She had him arrested for nonsupport but the case was withdrawn and after that he paid for her support, but these payments were irregular and at some times very small. The libellant claims that his wife's refusal to live with him amounts to a wilful and malicious desertion. We think not.

He was bound to support her and failed in his duty. Her refusal to live with him is not absolute but is because he could not provide for the family. This is not an absence without reasonable cause. Neither party under the circumstances as presented is guilty of wilful and malicious desertion: Ingersoll v. Ingersoll, 49 Pa. 249. She was justified in believing that as he had failed to support her since she was with her mother, she would fare worse if he would attempt to maintain a separate establishment. His course is to demonstrate his ability to support his family.

The decree of the lower court refusing the divorce is affirmed.