## Price *v.* Price, Appellant.

*Divorce—Desertion—Evidence—Insufficiency.*

To justify a decree of divorce on the ground of desertion there must be an actual abandonment of matrimonial cohabitation, with a clear intent to desert, wilfully and maliciously persisted in, without cause, for two years. While the intention to desert may be inferred from circumstances, to justify such inference, the facts in evidence must show a perverse withdrawal from the common domicile, without cause or consent, persisted in for the space of two years.

The guilty intent is rebutted where the separation is encouraged by the other party or is by mutual consent.

A libel in divorce on the ground of desertion will be refused where there is no evidence as to the circumstances under which the respondent left her home, what communications passed between the parties since the separation, the efforts, if any, that were made by the libellant to bring about a resumption of the marital relations, etc. All these and other matters which would throw light on the reason for her departure should be produced before the master, so that the court could have some basis for determining whether or not the respondent's absence amounted to wilful and malicious desertion.

Argued April 23, 1924. Appeal, No. 24, April T., 1924, by respondent, from decree of C. P. Lawrence Co., June T., 1922, No. 81, granting a divorce in the case of William A. H. Price v. Pearl S. Price. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Homer C. Drake, Esq., as master, who recommended that a divorce be granted.

On exceptions to the master's report the court dismissed the exceptions and granted a divorce. Respondent appealed.

*Error assigned* was the decree of the court.

*Robert White,* of *Gibson and White,* for appellant.

*S. L. McCracken,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

This was an action in divorce on the ground of desertion. The respondent was served by publication and was not present or represented at the hearing before the master.

The evidence in the case is very meager. The testimony of libellant's three witnesses went no further than to establish that his wife had not been living with him for the last two years, and that he had been rooming by himself in lodgings during all that period. Testifying on his own behalf he gave none of the facts or circum stances connected with his wife's departure; only that she left him about September, 1920, and since then has been living with her people in Warren, Ohio; that he "couldn't see any reason" for her leaving; that in desertion proceedings which she brought against him she told the judge "she didn't see how she could live" with him again; and that since September 13, 1920, he has not. kept a home of his own. The rest of his evidence was largely a relation of the hospital expenses and doctor's bills he had paid on her account both before and since her leaving; a matter of no relevance on the subject of her desertion, except in so far as it might tend to show that her leaving was due to ill health and was neither wilful nor malicious.

Our Supreme Court held in Bishop v. Bishop, 30 Pa. 412, that it is not sufficient, in a proceeding for divorce on the ground of desertion, for witnesses to testify that the respondent "wilfully and maliciously deserted the libellant"; that the libellant cannot withhold the facts and prove the inferences; he must exhibit facts to the court from which it may infer the breach of respondent's obligation.

The utmost that the evidence in the present case establishes is that the respondent has lived away from her husband for over two years; it fails utterly to prove that such absence was wilful and malicious and without just cause. To justify a decree of divorce on the ground of desertion, there must be an actual abandonment of matrimonial cohabitation, with a clear intent to desert, wilfully and maliciously persisted in, without cause, for two years: Ingersoll v. Ingersoll, 49 Pa. 249; Horn v. Horn, 17 Pa. Superior Ct. 486, 489; Hagman v. Hagman, 38 Pa. Superior Ct. 519, 521. Mere separation is not desertion: Merrick v. Merrick, 43 Pa. Superior Ct. 13, 18. While the intention to desert may be inferred from circumstances, to justify such inference the facts in evidence must show a perverse withdrawal from the common domicile, without cause or consent, persisted in for the space of two years. The guilty intent to desert is rebutted where the separation is encouraged by the other party or is by mutual consent: King v. King, 36 Pa. Superior Ct. 33; Finger v. Finger, 72 Pa. Superior Ct. 407; Kurniker v. Kurniker, 54 Pa. Superior Ct. 196.

For this reason it is essential that the libellant and his witnesses testify to facts, not inferences. The circumstances under which she first left the common home; what passed between her and the libellant at the time of, or immediately prior to, her going; what communications passed between them since; the efforts, if any, made by libellant to bring about a resumption of marital relations; all these and any other matters which would

throw light on the reason for her departure, whether for good cause or without justification, and whether it was procured or encouraged by her husband, or against his wish and protest, should have been produced before the master, so that the court would have some basis for determining whether her absence from the libellant amounted to wilful and malicious desertion: Cooper v. Cooper, 37 Pa. Superior Ct. 246, 248-9.

All of this was totally lacking here. Besides there is no explanation by the libellant of how he came to be living in the rented room he now occupies, on September 13, 1920, when he alleges she deserted him, although before that time he and his wife were apparently living in their own home. He testified that he knew where she was living during all the period of their separation, but did not state that he ever wrote or called to see her or manifested any wish or desire to have her resume marital relations with him.

We are all of opinion that while the evidence establishes a separation, it fails to sustain the charge of wilful and malicious desertion of the libellant by appellant.

The assignment of error is sustained and the decree is reversed at the costs of the appellee.