Max W. Kurniker *v.* Annie M. Kurniker, Appellant.

258

Argued April 24, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Leonard S. Levin*, and with him *Maurice Finkelhor*, for appellant.—Where separation was by mutual consent and no subsequent bona fide offer to resume marital relations was made, a decree of divorce on the ground of desertion was improperly granted: Murray v. Murray, 80 Pa. Superior Ct. 575; Thompson v: Thompson, 50 Pa. Superior Ct. 159; Litzenberg v. Litzenberg, 57 Pa. Superior Ct. 123; Chambers v. Chambers, 20 Co. Ct. 41; Angier v. Angier, 63 Pa. 450; McCoy v. McCoy, 74 Pa. Superior Ct. 552; McBrien v. McBrien, 63 Pa. Superior Ct. 576.

*R. G. Bostwick*, and with him *Clyde A. Armstrong*, of *Thorp, Bostwick, Stewart & Reed*, for appellee.—

Although separation was by consent, the refusal of the wife to accept a subsequent offer to resume marital relations, made in good faith, by the husband, constitute wilful desertion: Butler v. Butler, 1 Parsons' Select Cases in Equity, 329; Kelly v. Kelly, 51 Pa. Superior Ct. 603; Grove's Appeal, 37 Pa. 443; Hankinson v. Hankinson, 33 N. J. Equity 66; Buela, Appellant, v. Buela, 88 Pa. Superior Ct. 575; Pomerantz v. Pomerantz, 71 Pa. Superior Ct. 241.

OPINION BY PORTER, P. J., July 12, 1928:

This is an action of divorce on the ground of desertion. The libellant, having filed a libel charging in due form a wilful and malicious desertion by the respondent in April, 1916, persisted in for the space of two years and upwards and down until the filing of the libel, in this proceeding in October, 1924, the respondent entered a rule for a bill of particulars and the libellant without waiting for an order of court on the rule filed such a bill of particulars. The respondent then filed an answer, which was a combination of an answer to the libel and to the bill of particulars. The second paragraph of the bill of particulars filed by the libellant averred that the respondent left the habitation of the libellant without cause on January 19, 1910, and from that date to the present time had not lived with or cohabitated with the libellant. In answering this averment the respondent admitted that on January 19, 1910, she had left the habitation of the libellant and had not lived with or cohabitated with the libellant since that date, but denied that said leaving was without cause. She did not in her answer to the bill of particulars state what her cause for leaving was, nor is there any suggestion in the evidence of anything which could have justified her in thus terminating the marital relations. The libellant in the bill of particulars averred that he had, in February, 1916, made to the respondent a bona fide offer to resume

marital relations and requested her to come with their child and live with him at the apartment which he then occupied, and after negotiations between the parties the respondent had definitely refused, in April, 1916, to resume marital relations. The respondent, in her answer, denied that the libellant had in good faith requested her to return and live with him as his wife. The respondent presented her petition to the court below praying that the issues of fact, raised by the libel, the bill of particulars and the answer filed by the respondent should be tried by a jury; whereupon the court granted a rule on the libellant to show cause why the prayer of the petitioner should not be granted, which rule was made absolute. The trial resulted in a verdict in favor of the libellant, finding that the respondent had wilfully and maliciously deserted the libellant on April 21, 1916 and had persisted in said desertion for a period of two years since said date. The respondent at the trial presented a point asking for binding instructions, and subsequently made a motion for judgment in favor of the respondent notwithstanding the verdict and for a new trial. The court below overruled these motions, directed judgment to be entered on the verdict and entered a decree divorcing the parties. The respondent appeals. The only question raised by the assignments of error is whether the court should have given binding instructions to the jury, under the evidence, to find in favor of the respondent; or, in other words, whether the case should have been submitted to the jury.

This is the second proceeding by this libellant to obtain a divorce from his wife upon the ground of desertion. The first proceeding reached this court upon appeal and the report of our decision in that case is found in 54 Pa. Superior Ct. 196. We held in that case that although the conduct of the wife, in 1910, might have been desertion in its inception, it had by the subsequent action of the parties become a

separation by mutual consent, and that in the absence of evidence of a definite withdrawal of that consent by the libellant the wife could not be held to be guilty of wilful and malicious desertion, for the purpose of procuring a divorce. The decision of this court in the former proceeding was filed on July 16, 1913. All that was decided in that case was that down until that time it did not appear, under the evidence, that either of the parties had taken any steps to terminate the separation which had been existing by mutual consent. When parties have thus separated by mutual consent, or when by their action the separation has become consentable, either of them may put an end to such status by giving notice to the other that such consent is withdrawn and making a bona fide offer to resume marital relations. That this is the established rule is so well settled as to render citation of authorities unnecessary. If the other party persists in a state of such separation, without sufficient cause, he or she thenceforth occupies the position of a party quitting habitation of his or her own motion: Kelly v. Kelly, 51 Pa. Superior Ct. 603; Pearce v. Pearce, 53 Pa. Superior Ct. 129; King v. King, 36 Pa. Superior Ct. 33; Grove's Appeal, 37 Pa. 443.

The question before the jury in this case was whether libellant subsequently to the decision in his former proceeding for a divorce had made a bona fide offer to resume marital relations and receive the respondent and her daughter into the home which he then occupied, and thus withdrawn his consent to the separation. As there was a jury trial we are relieved of the burden of reviewing the evidence with reference to its credibility. The provision for an appeal to a jury implies that its verdict shall determine the facts in the case if there be competent evidence. Our only inquiry is whether the case should have been submitted to the jury on the evidence offered by the libellant: Fay v. Fay, 27 Pa. Superior Ct. 328; Shaw v. Shaw,

36 Pa. Superior Ct. 122. The law giving the right of appeal, does not contemplate a review of the case de novo, where there has been a trial by jury. This libellant produced evidence which, if true, established that he had, on February 17 and 18, 1916, tried to persuade the respondent to resume marital relations and made distinct and definite offers to receive the respondent and their daughter at the apartment which he then occupied and had continued negotiations in an earnest endeavor to terminate the separation and to re-establish the family relation. The libellant continued these negotiations with his wife, giving her ample time to consider the matter, but, on April 2, 1916, she notified him that all negotiations for reconciliation were at an end and that libellant "need not come around any more." The testimony of the libellant was in some respects corroborated by that of Dr. Phillips. There was no evidence in the case which would have warranted the court to declare, as matter of law, that these endeavors of the libellant to have his wife return and resume marital relations were not made in good faith. The testimony of the libellant was contradicted by that of his wife, but the credibility of the testimony of the witnesses was to be decided by the jury, and, therefore, we must take for granted the finding of the jury was true. There is in this case no assignment of error referring to the admission or rejection of evidence upon the trial, and the questions of fact were submitted to the jury in a charge by the learned judge of the court below which was adequate and free from error and of which no complaint is made by the appellant. It is enough for us to say that we have examined the whole body of the evidence in the light of the general principles relative to this cause for divorce, and, while it is conflicting in some important particulars, we are constrained to the conclusion that the testimony of the libellant and his witnesses, if believed by the jury, was sufficient to warrant them

in finding the facts essential to a lawful dissolution of the marriage tie, at the suit of the husband, upon the grounds set forth in the libel. Here our duty ends, so far as the evidence is concerned. The assignments of error are dismissed.

The decree is affirmed.