Hort, Appellant, *v.* Hort.

120

Argued October 23, 1933.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Samuel Gubin*, of *Cummings and Gubin*, for appellant.

*John Pipa, Jr.*, for appellee.

Opinion by Stadtfeld, J., December 16, 1933:

Stella I. Hort has appealed from a decree of the court below, dismissing her libel for a divorce from her husband, John L. Hort. The parties were married in the Township of Rush, Northumberland County, on February 3, 1897, and lived there together continuously until the fall of 1920, when they moved to Sunbury, in the same county, where they lived together until July or August, 1930, when respondent left the common domicile. The libellant is 57 years of age, while

the respondent is 58 years of age. There were nine children born of the marriage, all of whom are of age except the youngest who was 19 years of age at the time the libel was filed. The libel was filed May 9, 1932, charging wilful and malicious desertion for the period of two years from July 12, 1930.

Respondent in his answer denied the charge, and averred that the parties lived together until the 12th day of August, 1930, and that the libellant by reason of her abusive conduct and ill-treatment towards the respondent, by request and by force compelled and insisted on the respondent leaving the libellant's household. He further averred that on or about the first day of March, 1931, he went to the libellant at her home in the City of Sunbury and endeavored to effect a reconciliation, and that libellant refused the same and again forced and requested respondent to leave the household.

Neither party took a rule for a jury trial, and the case was referred to a master who heard the testimony and filed a report recommending a decree. To this report exceptions were filed which, after argument, were sustained by the court, in an opinion by MORGANROTH, P. J., and the decree recommended by the master was refused.

As required (Langeland v. Langeland, 108 Pa. Superior Ct. 375, 164 A. 816), in appeals of this character, we have read and considered all the testimony, and the independent judgment at which we have arrived coincides with the conclusion reached by the learned trial judge. We quote therefrom as follows: "Libellant filed her libel in divorce alleging desertion. Respondent filed an answer. The matter was referred to the master, who took the testimony. Libellant averred that respondent deserted her on July 12, 1930, when he walked away without any conversation with her. Libellant thought he was going to work. Re-

spondent averred that he left to obtain work on a farm, and that he did tell his wife where he was going. In October of the same year, libellant arrested respondent on a charge of desertion, and non-support. The case was heard in the court of quarter sessions of Northumberland County on November 10, 1930, and held under advisement and the following week was dismissed. The record of the case was offered in evidence and admitted without objection on the part of the libellant. No evidence tending to rebut or weaken the force and effect of the record was offered by the libellant. The fact that a judge of the court of quarter sessions shortly after the alleged desertion dismissed the respondent in an action for desertion and non-support brought against him is not conclusive as to the desertion, but it is to be considered in subsequent proceedings for a divorce (Weymers v. Weymers, 81 Pa. Superior Ct. 432).

"But whether or not it can be said there was no intention to desert his wife on the part of the respondent, it is his contention that within two years after he left he made efforts at a reconciliation; that he desired to return to his home. Considerable testimony was taken on this phase of the action, and the testimony of the libellant herself, on cross-examination is conclusive: 'Q. Do you recall, Mrs. Hort, in the April following that your husband, the respondent, wrote you two letters? A. Yes, he wrote them to me but I didn't answer them. Q. He wrote you two letters? A. Yes. Q. Don't you have those letters? A. No, I burned them. Q. Do you remember what was written in those letters? A. He said he was sorry he left, he wanted to get back. Q. In those letters he expressed a desire and a willingness to come back and live with you, did he not? A. Yes.' As is said by Mr. Justice KELLER, in Weymers v. Weymers, supra, the Commonwealth has an interest in the marriage relation; the

libellant and respondent are not the only parties concerned. In the absence of clear statutory grounds, a decree in divorce should not be made. In the instant case we do not find a wilful and continuous desertion on the part of the respondent covering a period of two years and upwards, but rather a desire on his part to resume the marital relations, which desire was expressed within the statutory period, and upon the trial of the cause before the master.''

To this we might add the following quotations from the testimony of libellant. "Q. Do you recollect that in these letters he begged you to live together again? A. Yes, sir. Q. And you refused to answer those letters? A. Yes. Q. Now Mrs. Hort, are you now willing to forget this case and live together with your husband? A. No. Q. Under no circumstances? A. Under no circumstances the way I have been treated. ...... Q. You did, however, admit that in the early part of 1931 you got two letters from him? A. I said so before. Q. And in those letters he made a request to fix things up between you? A. He did, I did not. Q. No, we understand that, that is why we are here; and everything contained in those letters as you remember, was gentlemanly and all tending towards a reconciliation between you two? A. He was sorry, but he should have been. Q. The contents of those letters was endeavoring to effect a reconciliation between you two? A. I didn't bother to read them much. I just glanced over them and threw them in the stove.''

The conclusion of the lower court is strictly in line with the requirements set forth by the Supreme Court in Middleton v. Middleton, 187 Pa. 612, wherein Mr. Justice DEAN said: "As we have held over and over again, a separation is not, on the part of either, wilful and malicious desertion. In Ingersoll v. Ingersoll, 49 Pa. 249, it is decided, 'Separation is not desertion. Desertion is an actual abandonment of matrimonial

cohabitation with an intent to desert, wilfully and maliciously persisted in without cause, for two years.' "

The evidence failed to support the charge of wilful and malicious desertion for the statutory period. The assignments of error are overruled and the decree of the lower court affirmed. Costs to be paid by appellant.