## Conn, Appellant, v. Conn.

Argued November 1, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Jerome I. Myers,* for appellant.

*George Morrow,* for appellee.

OPINION BY STADTFELD, J., December 16, 1933:

Arthur J. Conn has appealed from a decree of the court below dismissing his libel for a divorce from his wife, Blanche A. Conn. The parties were married in the city of Scranton on March 31, 1925, and lived continuously from that date either in the city of Scranton, or in the Borough of Dunmore, in the home of the appellee's mother until October 26, 1930, when the husband, appellant, left with some of his belongings in a traveling bag. The next morning he sent his wife a registered letter of which he kept a copy. In this letter he stated that he could not live with her family any longer and that he was going to look up some furnished apartments. On the same day he was arrested on a charge of desertion and non-support. At the hearing in the court of quarter sessions, on November 1, 1930, he asked her if he could call for the rest of his belongings and she agreed, and he sent a dray for them. The libel was filed December 23, 1932, charging wilful and malicious desertion for and during the term of two years, to wit: from the 28th day of October, 1930.

Respondent in her answer denied the charge, and averred that libellant on Sunday, October 26, 1930, came into their common domicile and put his personal belongings in a large traveling bag and left the house without telling respondent where he was going. That he never returned since except once in the fore part of November, 1930, when he came back for the rest of his clothing.

Neither party took a rule for a jury trial, and the case came on for hearing before NEWCOMB, P. J., of the court below. At the first hearing held February 21,

1933, after some testimony had been taken, the trial judge suggested that the parties attempt to become reconciled and the hearing was adjourned, pending the attempt at reconciliation.

From appellant's own testimony it appeared that at no time after the hearing in the court of quarter sessions until the time of the hearing in the divorce case, had he asked respondent to go with him.

After the adjournment of the hearing before NEW-COMB, P. J., on February 21, 1933, the parties looked at a number of rooms between said date and April 19, 1933, when libellant rented one and arrangements were made to move therein. A dispute arose between the parties in connection with the removal of what furniture she had. She wanted the rooms cleaned before moving any furniture thereto, while he insisted on moving it in first before buying any additional things needed. As a result of this controversy, he told her to take up the matter with her lawyer.

Thereafter, further hearing was had before the court. Libellant claimed that he had left the common domicile on account of disputes with his mother-in-law. This was denied by his wife and her mother. There was no corroboration of libellant's testimony in that respect.

As required (Langeland v. Langeland, 108 Pa. Superior Ct. 375, 164 A. 816) in appeals of this character, we have read and considered all the testimony, and the independent judgment at which we have arrived coincides with the conclusion reached by the learned trial judge. We quote his opinion at length: "Issue being joined on responsive answer it went to trial sec. reg. The evidence was voluminous but no useful purpose would now be served by an attempt at particular discussion. No doubt the parties have been estranged and have been living apart from each other for some years, but after full consideration of all the evidence

it is found to be insufficient to convict the respondent of wilful and malicious desertion and nothing else would satisfy the exigencies of the libellant's case. Accordingly the relief asked for is denied and the proceedings are dismissed.''

The conclusion of the lower court is strictly in line with the requirements set forth by the Supreme Court in Middleton v. Middleton, 187 Pa. 612, wherein Mr. Justice DEAN said: ''As we have held over and over again, a separation is not, on the part of either, wilful and malicious desertion. In Ingersoll v. Ingersoll, 49 Pa. 249, it is decided, 'Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in without cause, for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other.' ''

The opinion of the trial judge clearly and concisely expresses our views of the merits of this case. The evidence failed to support the charge of wilful and malicious desertion against the wife. The assignment of error is overruled and the appeal dismissed. Costs to be paid by appellant.