Auch Estate.

Argued October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Roland J. Christy,* with him *Christy, Harry & Jones,* for appellants.

*Sabato M. Bendiner,* with him *Mervine J. Hartman, Paul P. Wisler, Wisler, Pearlstine, Talone & Gerber,* and *Busser & Bendiner,* for appellee.

OPINION BY RENO, J., December 29, 1953:

This is an appeal by two residuary legatees under the will of L. Wayne Auch from a decree of the court below awarding a family allowance of $750 to Clara Hanna Auch as the widow of L. Wayne Auch, deceased, and directing the executor to pay the award out of the assets of the estate.

The widow filed her petition claiming her exemption in the sum of $750 under the provisions of the Fiduciaries Act of April 18, 1949, P. L. 512, §211, 20 P.S. §320.211: "The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as form a part of the decedent's household, may retain or claim as an exemption and as a reasonable requirement for support during the settlement of the estate, either real or personal property, or both, not theretofore sold by the personal representative, to the value of seven hundred and fifty dollars. The surviving husband or wife shall be a competent witness as to all matters pertinent to the issue of forfeiture of the right to the exemption."

There is no dispute with respect to the pertinent facts of the case. Clara Hanna Auch was married to the decedent on April 14, 1934 and the marriage rela-

tionship subsisted to the time of the death of the husband on December 14, 1951. The parties lived together as husband and wife until February or March of 1949. A marital abode was established by the parties in 1936 at 7109 Ridge Avenue, Roxborough. About February 26, 1949, Mrs. Auch went on a cruise to Bermuda for two weeks "for health reasons". She did not inform her husband about her intention to go on the trip. When she left she took with her only enough clothing for two weeks. She returned to the common domicile of herself and husband about March 11, 1949. Sometime during the period while Mrs. Auch was away on the trip, her husband left their marital abode, taking all of his personal belongings. The furniture and other joint personal property as well as the clothing and personal property of the wife were left there and have remained on the premises. The husband never returned to their home, never visited his wife after he left their home in 1949, and never resided with her at any place thereafter; and it does not appear that he ever offered her a home or invited her to live with him at any other place.

On March 10, 1949, shortly after leaving their home, the husband instituted a suit in divorce against his wife in the Court of Common Pleas No. 6, of Philadelphia County, upon the grounds of indignities to the person and cruel and barbarous treatment. The court found that the husband had not sustained his burden of proof and the complaint was dismissed, and no appeal was taken. On December 4, 1950, pursuant to a petition filed by the wife, the same court entered a decree declaring her to be a feme sole trader. Decedent died December 14, 1951, a resident of Montgomery County. The petition of the widow claiming her exemption was filed February 1, 1952.

The facts clearly show that the family relationship did not exist between the widow and the decedent at the time of his death in 1951 and that the parties had not lived together since the decedent left the marital abode in March, 1949. Accordingly, the question for determination is whether the circumstances of the separation were such as to create a forfeiture of the widow's statutory right to exemption.

The grounds on which the right to the widow's exemption is held to be forfeited are well summarized in *Sadowski Estate,* 158 Pa. Superior Ct. 119, 121, 43 A. 2d 907, where the Court states: "Forfeiture follows as an incident where the family relation has ceased to exist. The right may be forfeited by abandonment, without such reasonable cause as would entitle the wife to a divorce, (Nye's Appeal, 126 Pa. 341, 17 A. 618) by desertion, by divorce, by voluntary separation, by antenuptial or post nuptial agreement, by remarriage or long delay in asserting the right. Bell's Estate, 139 Pa. Superior Ct. 11, 10 A. 2d 835; In Re: Estate of John Balog Fenyo, 105 Pa. Superior Ct. 560, 161 A. 606; Mallory's Estate, 300 Pa. 217, 150 A. 606." Appellants contend the widow deserted her husband on February 26, 1949 when she secretly withdrew from the marital domicile without cause, and has therefore forfeited her right to the widow's exemption.

Desertion has been defined as "an actual abandonment of matrimonial cohabitation, *with an intent to desert,* wilfully and maliciously persisted in, without cause, for two years": *Ingersoll v. Ingersoll,* 49 Pa. 249, 251. (Emphasis added.) The Divorce Law of May 2, 1929, P. L. 1237, §10, as amended, 23 P.S. §10. "Guilty intent is manifested where, without cause or consent, either party withdraws from the residence of the other; if the desertion is intentional it is willful; if willful, it is malicious": *Partleton v. Partleton,*

169 Pa. Superior Ct. 485, 488, 82 A. 2d 684. The necessity and importance of showing a "clear intent" to justify a charge of desertion is found in the words of Judge KELLER, later President Judge, in *Price v. Price,* 83 Pa. Superior Ct. 446, 448, where he said: ". . . [T]here must be an actual abandonment of matrimonial cohabitation, with a clear intent to desert, wilfully and maliciously persisted in, without cause, for two years: Ingersoll v. Ingersoll, 49 Pa. 249; Horn y. Horn, 17 Pa. Superior Ct. 486, 489; Hagman v. Hagman, 38 Pa. Superior Ct. 519, 521. Mere separation is not desertion: Merrick v. Merrick, 43 Pa. Superior Ct. 13, 18. *While the intention to desert may be inferred from circumstances, to justify such inference the facts in evidence must show a perverse withdrawal from the common domicile,* without cause or consent, persisted in for the space of two years." (Emphasis added.) It has also been held that where the withdrawal of the respondent, charged with desertion, was not a wilful and malicious absence from the habitation in the first instance, the statutory burden does not begin to run until there is conjoined with the physical separation of the parties the other necessary ingredient of respondent's manifest intention to desert, exhibited either by a refusal of libellant's bona fide offer to resume cohabitation or a repudiation of respondent's marital obligations communicated by her to libellant. *Landymore v. Landymore,* 157 Pa. Superior Ct. 651, 43 A. 2d 396. It is withdrawal from the habitation that must be intended and not the attainment of some other objective.

In the instant case the record fails to reveal any evidence that appellee at any time left the matrimonial habitation with an intent not to return.

From the *circumstances surrounding* appellee's departure on a two weeks' cruise to Bermuda it is diffi-

cult to perceive how appellants can infer an intent on the part of appellee to withdraw from or abandon the marital domicile and terminate the family relationship. She took only enough clothes for two weeks. Her failure to tell her husband about her intention to go on this trip was due mainly to the fact they had not seen each other to discuss anything for about a week prior to the time appellee left on the trip, and they were also not on speaking terms at the time. Moreover, in view of the fact that it had been a regular practice of appellee to go on trips without advising, consulting, or obtaining the prior approval of her husband, her failure to tell her husband of her intentions on the occasion of this trip becomes even less indicative of an intention to withdraw from the marital domicile. The testimony of the decedent contained in the record of the proceedings in the divorce suit between the parties, received in evidence as an exhibit by the court below, clearly reveals that appellee had gone on many trips away from their home without ever obtaining the prior approval or consent of her husband. Testimony of decedent in the divorce proceedings also reveals that he, at one time, left the marital domicile and stayed at his brother's house for a month or two before returning to the marital abode. The departure of appellee on the two weeks' cruise, without the knowledge or consent of her husband, was, in that respect, no different from the many other trips she had taken without his prior knowledge or consent from which she had always returned to their home. There is thus, under the circumstances here, no basis to support an inference that appellee intended to desert her husband, abandon the marital domicile, and terminate the family relationship.

Upon her return from the trip to Bermuda appellee found that her husband had left their common domicile,

taking all his personal belongings, without explanation or justification. He never returned to the marital abode thereafter although he had access thereto at all times. As stated, he instituted suit for divorce shortly after he left their home but the proceedings were terminated by dismissal of the complaint because of failure to sustain his burden of proof. Also, appellee was declared a feme sole trader because of the decedent's failure to contribute in any manner to her support and maintenance for a period of more than one year. Under these circumstances the cessation of the family relationship must be considered as having been caused solely by the husband. Where the family relationship is broken through the fault of the husband, the widow does not forfeit her right of exemption. *Celenza's Estate*, 308 Pa. 186, 190, 162 A. 456; *Mehaffey Estate*, 102 Pa. Superior Ct. 228, 156 A. 746.

Where the evidence clearly fails to sustain a charge of desertion by the widow, and the non-existence of the family relationship at the time of decedent's death is due solely to the fault of the husband, there has been no forfeiture of the widow's right to the exemption.

Decree affirmed; costs to be paid out of assets of the estate.