## Gordon *v.* Gordon, Appellant.

*Divorce—Desertion—Offer to resume marital relations—Evidence—Province of court and jury.*

If the offer to resume marital relations after a desertion is not made in good faith and with the intention to live in the relation of husband and wife, but with the view of defeating a divorce, or for any other dishonest purpose, the injured party may decline to accept it, without being deprived of the right to procure a divorce after the expiration of two years from the desertion. Where there is a demand for an issue and trial by jury the question of good faith is for the jury.

In a proceeding for divorce for desertion by a wife against a husband, the plaintiff is entitled to have the case submitted to the jury where the evidence shows that after a summer vacation the respondent did not return to his home with his wife, alleging illness; that he wrote her a year afterwards still referring to his illness and saying that he desired to consult her about a place where they could live together; that three months after the date of this letter to which the wife did not reply he sent a registered letter in which he again referred to his health, and stated that he had rented apartments, and asked when he could see her to fix and arrange for moving in; that the respondent's statements as to his health were not true, and that the general tone of the letters and the circumstances under which they were written tended to show deception and bad faith.

Argued Jan. 13, 1904. Appeal, No. 240, Jan. T., 1903, by defendant, from judgment of Superior Ct., Oct. T., 1902, No. 140, reversing judgment of C. P. No. 1, Phila. Co., June T., 1900, No. 1, on verdict for defendant in case of Phebe B. Gordon *v.*

Charles M. Gordon. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Appeal from Superior Court.
For the facts see 23 Pa. Superior Ct. 261.

*Error assigned* was the judgment of the Superior Court.

*John G. Johnson,* for appellant.

*Thomas Earle White,* with him *A. S. L. Shields* and *Richard P. White,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 29, 1904:
The Superior Court very properly held that " the whole case, including the good faith of the offer of the respondent, was for the jury." The learned judge, W. D. PORTER, of the Superior Court, has stated in his opinion very clearly and concisely the facts disclosed by the testimony, and they were amply sufficient, as he conclusively shows, to justify their submission to the jury on the question of the good faith of the defendant's offer to renew his marital relations with the plaintiff. We think, therefore that the trial judge was clearly in error in directing a verdict for the defendant on the ground that " there is not a syllable in this case, that I am able to see, that shows that the offer of this gentleman to return to his wife was feigned or fraudulent—not a word, not a syllable."

The statutory requisite for a divorce on the ground of desertion is, as suggested by the learned counsel for the appellant, a " wilful and malicious desertion and absence from the habitation of the wife or husband, without reasonable cause, for and during the term and space of two years." No divorce for this cause will be granted for a desertion that is not without reasonable cause and has not existed for at least the space of two years. While this is true, it is well settled that to bar the running of the term against the offending party, an offer of reconciliation or an offer to return to the injured party must be made in good faith with the desire that it be accepted and with the intention that if the reconciliation is effected the derelict party will honestly perform his whole duty as husband

towards the one whom he deserted.  Such an offer must be accepted, and a party refusing it is not in a position to demand a decree of divorce.  If, however, the offer to resume marital relations is not made in good faith, and with the intention to live in the relation of husband and wife, but with the view of defeating a divorce, or for any other dishonest purpose, the injured party may decline to accept it without being deprived of the right to procure a divorce after the expiration of two years from the date of the desertion: McClurg v. McClurg, 66 Pa. 366; Fishli v. Fishli, 2 Litt. Rep. (Ky.) 337 ; Prather v. Prather, 26 Kan. 273 ; 1 Nelson on Divorce and Separation, sec. 74.  In McClurg v. McClurg, AGNEW, J., speaking for the court, says :  " It was a question for the court, whether the offers were made in all due sincerity, and with an intention bona fide to perform his marital duty.  An unmeaning formality cannot always be accepted as a genuine act.  It may have the hand of Esau, and yet betray the voice of Jacob.  It must be remembered that the desertion was on his part, not hers, and was fully proved.  Her right to a divorce from bed and board and a maintenance had been fully established, and it was not to be arrested by a merely formal offer of reconciliation contradicted by all the evidence as to its motive and its good faith. . . . It would be subversive of all just administration of justice, if when a case is clearly made out against the respondent, entitling the plaintiff to a decree, he could avoid it by the mere magic of a few words, without evidence of their frankness, and of his intention to remove the cause of complaint in truth and sincerity of purpose."   Fishli v. Fishli was a suit for divorce on the ground of desertion in which the defense was an offer of reconciliation transmitted by means of a letter a few weeks before the lapse of the two years from the time the defendant had left the plaintiff.  It was there held that the offer was not of such a character or made in such a manner as would defeat the divorce ; and in concluding the opinion, the court says :  " The whole circumstances, in fact, evince that the offer was made, not with a sincere wish that it should be accepted, but that it was in truth a mere artifice devised with the hope of thereby defeating the right of the complainant to a divorce."

Had the case at bar been heard by the court without a jury,

as was McClurg v. McClurg, supra, the question of the bona fides of the defendant's offer must necessarily have been determined by the court. It is, however, a question of fact as in other civil actions, and hence within the exclusive province of a jury whenever the cause is submitted to that tribunal. The Act of March 13, 1815, Purd. Dig. 686, section 2, pl. 17, provides as follows : " But if either of the parties shall desire any matter of fact, that it is affirmed by the one and denied by the other, to be tried by a jury, an issue shall be formed, and the same shall be tried accordingly ; but when neither of the parties require an issue to be formed, the court may inquire and decide upon the case, in the presence of the parties, or if either of them will not attend, then ex parte, by the examination of witnesses, or interrogatories, exhibits *or other legal proofs*, had either before or at the hearing." Here the defendant, exercising his statutory right, demanded a jury trial, and the cause was heard by the court and a jury. If, therefore, the evidence was, in the opinion of the court, sufficient to support a verdict finding that the offers of reconciliation by the defendant were not made in good faith, the question should have been submitted to the jury for its determination as any other " matter of fact." The court could determine the question only " when neither of the parties require an issue to be formed."

The very elaborate opinion of Judge PORTER renders further discussion unnecessary.

The judgment of the Superior Court is affirmed.