# Burns, Appellant, *v.* Burns.

*Divorce—Desertion—Evidence.*

Where a drunken husband leaves his wife and stays away from her for more than the statutory period and makes no provision for her support, the fact that she has offered to live with him again if he would provide a home and to condone his past offenses, can have no weight against her in a proceeding for divorce, if such offer was made in good faith.

Argued Oct. 14, 1908. Appeal, No. 117, Oct. T., 1908, by plaintiff, from decree of C. P. No. 2, Phila. Co., Sept. T., 1907, No. 21, dismissing libel in divorce in case of Emma C. S. Burns

222          BURNS, Appellant, *v.* BURNS.

Statement of Facts—Opinion of the Court.    [38 Pa. Superior Ct.

v. Edward A. Burns.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.    Reversed.

Libel for divorce.

The opinion of the Superior Court states the case.

*Error assigned* was in reversing the master, Philippus W. Miller, Esq., and dismissing the libel.

*Frank M. Cody,* for appellant.

No printed brief for appellee.

OPINION BY ORLADY, J., February 26, 1909:

The libel in this case charged the respondent with having willfully and maliciously deserted the libelant and absenting himself from her habitation for more than two years prior to filing the libel.    The respondent appeared before the master as a witness, was examined at length and cross-examined the other witnesses.    After hearing all the testimony and making two reports, the master recommended a decree in divorce a vinculo matrimonii, which was subsequently disapproved by the court, and it was ordered that the prayer of the libelant be refused and the libel dismissed.

Every material fact testified to by the wife was corroborated by a number of witnesses.    A separation was admitted, and while he denied in terms that he deserted his wife and that he had any intention of deserting her, but that on the other hand, he had the greatest regard for her, his conduct toward her was of such a character as to fully justify her in withdrawing from his company.    The master concluded, and we think rightly so, that there was no collusion in the case, and that the testimony of the libelant and her witnesses entitled her to a divorce.

When the parties were married, February 19, 1901, they went to housekeeping in Philadelphia, and lived together until April 29 following, when after a dispute which was entirely due to his drunken condition, he left her and the home.    He admitted that he drank from ten to fifteen glasses of beer a day,

but contended that it had no effect on him. After the desertion, the wife kept the house open until the latter part of July, when the respondent not returning, she moved to a different part of the city and engaged in business. The parties met frequently either by appointment or accident, and she endeavored to have him come and live with her, and resume their relation of husband and wife, consenting to go to any place he would select if he would but provide a home. At one time while suffering with nervous prostration as a result of excessive drinking, she went to him in his distress, and remained for nine days as his nurse, but at no time after the desertion in 1901, did he contribute anything toward the support of his wife.

She made continuous efforts toward his reformation, and maintaining a home; while he made frequent promises to provide a home, he never did so. Further, his own testimony is full of contradictions, and does not impress us as being either a candid or truthful narrative. This desertion was continuous for more than the statutory time, since the parties had any semblance of marital intercourse, the date, July 20, 1905, being fixed by the evidence, when all such relation between the two ended. Her offer to condone his past offenses and to accept him as her husband, should not be weighed against her, if such an offer was made in good faith under the rules laid down in Gordon v. Gordon, 208 Pa. 186; Hedderson v. Hedderson, 35 Pa. Superior Ct. 629.

We are satisfied after a careful examination of the evidence that the uncontradicted testimony of the libelant, which is supported in every material phase by that of her husband, and by a number of disinterested witnesses, establish the statutory grounds upon which a divorce for desertion is allowed. The decree dismissing the libel is reversed, and a decree of divorce a vinculo matrimonii with costs is now entered in favor of the libelant.