## Leonard v. Leonard, Appellant.

*Divorce—Desertion—Acquiescence—Consent—Wilful and malicious desertion.*

Consent to a desertion cannot be inferred from mere acquiescence in the desertion.

Where a wife has established her right to divorce on the ground of desertion, she cannot be deprived of such right by reason of letters written by her more than two years after the desertion containing statements that her husband's company was repulsive to her. Such letters are mere evidence of her state of mind, and consent to the desertion cannot be inferred from them.

A wife is entitled to divorce on the ground of desertion where it appears that her husband left their home without her consent and did not return; that he never made any effort to resume cohabitation; that he had not contributed anything to her support after he left her; and that on one occasion after the desertion he went to her door, and when she asked what he wanted, he replied: "I don't want you, that's one......sure thing."

Argued April 23, 1917. Appeal, No. 23, April T., 1917, by defendant, from decree of C. P. Allegheny Co., Oct. T., 1914, No. 634, granting divorce in case of Mattie E. Leonard v. John C. Leonard. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce.

The case was referred to Elliott Rodgers, Esq., as master, who recommended a decree in favor of libellant.

The evidence is summarized in the opinion of the Superior Court. One of the letters to which reference was made, written by the libellant to respondent, contained the following statement:

"If I had my choice of Going to jail or my death, or living with you, or having you around me. I would choose the Former."

The court entered a decree in divorce.

412, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was the decree of the court.

*M. H. Stevenson,* with him *W. M. C. Boyd,* for appellant.—The desertion was not malicious: Kurniker v. Kurniker, 54 Pa. Superior Ct. 196; Kelly v. Kelly, 51 Pa. Superior Ct. 603.

Libellant consented to the absence: Kurniker v. Kurniker, 54 Pa. Superior Ct. 196.

*Robert E. Anderson,* with him *John A. Blair,* for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

Mattie E. Leonard brought an action for divorce a. v. m., alleging that her husband had deserted her in 1910. The answer denied the desertion and averred that libellant had deserted the respondent.

The libellant's evidence was that she married respondent June 26, 1879; that they lived together until November 30, 1910, at which time respondent left their home and did not return, nor make any effort to resume cohabitation; that he had not contributed anything to her support during that time; that respondent was a filthy, obscene vagrant, and a hard drinker; that he abused and choked her, and called her foul names; that he had deserted her on a previous occasion, and, having failed in business, returned to her for shelter and support; that he had said he did not want to live with her since the desertion of 1910; and that what property libellant owned had been paid for with money she earned as a seamstress.

Respondent's evidence was to the effect that he did not leave libellant until April of 1911; that he had been forced to do so by constant "nagging" on the part of his son and libellant; that he had furnished all the money to buy the property she owned; that she was a hard drinker, and cursed and abused him; that he had offered to come back and live with her if she would change her

habits; that he had failed in business, his health was bad, and he had appealed to her for aid and been refused; that she had written him letters trying to induce him to get a divorce, and that he had been to her house every year since 1910.

In rebuttal libellant denied his imputations as to her character and conduct, except as to the letters tending to show that she had been relieved by her husband's departure.

The master found that respondent had deserted libellant and recommended a decree of divorce. The court below held that acquiescence was not consent, and as there was no evidence of consent at the time of the desertion, nor credible evidence of an offer to return, the libellant had established the statutory ground for a decree. From the decree entered respondent appealed.

The court below was justified in its conclusion. Respondent's offer to return cannot, under his own testimony, be considered as having been made in good faith, which is a necessary element of such an offer: Gordon v. Gordon, 208 Pa. 186. The only evidence of consent on the part of the libellant consisted of statements that his company was repulsive to her. His conduct toward her amounted to cruel and barbarous treatment such as would have justified her in leaving him. Under the circumstances he could not have gotten a divorce on the ground of desertion: Golden v. Golden, 36 Pa. Superior Ct. 648.

Desertion is the actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully persisted in without cause for two years: Thompson v. Thompson, 50 Pa. Superior Ct. 159; Middleton v. Middleton, 187 Pa. 612. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other: Merrick v. Merrick, 43 Pa. Superior Ct. 13. Malice is presumed where the other elements appear: Little v. Little, 56 Pa. Superior Ct. 419. There was, however, evidence of actual malice. Respondent

came to libellant's door after the desertion and when she asked what he wanted he replied: "I don't want you, that's one......sure thing."

If.libellant had a bona fide legal cause for divorce, her reason for desiring it is not important. Where such cause had existed for the statutory period of two years, her statements or letters were no more reasons for the refusal of a decree than would be the filing of the libel. Both were evidence of her state of mind; that respondent was repulsive to her, and that she would very likely have refused to again cohabit with him. Kurniker v. Kurniker, 54 Pa. Superior Ct. 196, does not weaken her position. It holds that consent to the continuance of a separation may be inferred from the circumstances where the parties had agreed in writing to submit their differences to arbitration under which an award was made for the support of the wife and child. It does not, however, decide that consent must be inferred from mere acquiescence in the desertion.

. The one assignment of error in accordance with our rules raises a single question: Was the decree properly entered? A careful review of the evidence convinces us that it was.

The decree is affirmed.