## Saville *v.* Saville, Appellant.

*Divorce—Desertion—Insufficient evidence—Review by appellate court.*

In an action for divorce on the ground of desertion, it is error to grant a divorce, where the evidence discloses that the parties had lived apart by mutual consent and that the libellant had continued to maintain a house in which respondent lived, where he visited her frequently, and there is nothing in the record to establish a wilful and malicious desertion.

Living apart was purely by mutual consent, and the refusal of the wife to abandon the common home in the city and remove to the country, does not show any guilty intent to desert. Where a husband has consented to the separation between himself and his wife he cannot charge her with wilful and malicious desertion within the meaning of the divorce law.

Argued March 8, 1921. Appeal, No. 12, March T., 1921, by respondent, from decree of C. P. Lackawanna County, June T., 1918, No. 266, granting a divorce in the case of James A. Saville v. Emma Isabella Saville. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Libel in divorce. Before O'NEILL, J.

The facts are stated in the opinion of the Superior Court.

The court granted a divorce. Respondent appealed.

*Error assigned,* among others, was the decree of the court.

*Harold A. Scragg,* and with him *Robert E. Scragg,* for appellant.

*John J. Toohey,* and with him *F. E. Boyle,* for appellee.

OPINION BY ORLADY, P. J., April 18, 1921:

The libel in this action in divorce was filed May 20, 1918, alleging that as of December 20, 1916, the wilful and malicious desertion on the part of the wife and persisted in for the term of two years and upwards. After an application for a jury trial was presented and refused by the court, the hearing was had before one of the judges. At the conclusion of this hearing, respondent presented two questions for findings as to conclusions of law, and seven for findings of fact, and submitted a brief in support of these requests. No action was taken by the court on either, and no opinion was filed. On December 31, 1919, the court granted a decree in divorce.

In reviewing the evidence brought up on an appeal after a trial in open court by a judge, where the evidence is in irreconcilable conflict, and the correct determination of the issues of fact depends upon a determination of the veracity of witnesses who have given opposing testimony, the appellate court will, amongst other things, consider and give weight to the fact that the judge who saw and heard the witnesses and observed their manner of testifying had a much better opportunity than the appellate court to form a correct judgment as to their credibility: King v. King, 36 Pa. Superior Ct. 33. The ability, learning and conscience of the court must be called into exercise before there can be a dissolution of the marriage contracts and except where there has been an issue and jury trial, it is the duty of the court to review the testimony and adjudge whether it sustains the complaint of the libellant Middleton v. Middleton, 187 Pa. 612. In no case has it ever been tolerated that the court below should be relieved from answering requests for conclusions of law, and findings of fact, and giving a careful consideration of the testimony, to be shown in an opinion filed. Such a disregard of our rules of practice cannot be overlooked as they are mandatory. But, inasmuch as their record discloses that the decree entered in this case was made

by the judge (who heard the evidence) on the last day of his term of office, a return of the record to the court below would impose upon other members of that court the examination of the testimony without seeing or hearing the witnesses. It must not be accepted as a precedent that such unwarranted practice will be tolerated, and only under the peculiar facts of this case do we consider the appeal.

The parties were married about 1890. They lived together until December, 1916, when the libellant purchased a farm some distance from the city, with the intention of building a house there for his personal occupancy. At the same time he remodelled his town house, and after a conference with his wife, as to the quarters she desired to occupy, apartments were constructed with his consent and at her request. She and her daughter occupied these, while the husband lived at his mountain home. This arrangement was apparently satisfactory to each; she was not asked to pay rent, and the husband continued to visit her, frequently bringing with him products from the farm, taking many meals there that were prepared by his wife and daughter, and remaining over night a number of times. This establishment, as set up by the husband, was maintained by his generous support until the institution of this proceeding for divorce.

Taking the record as presented in cold type, it lacks every element of wilful and malicious desertion for and during the term and space of two years. The living apart was clearly by mutual consent, and the refusal of the wife to abandon their common domicile in the city and remove to the country home, does not show any guilty intent to desert, and the husband on the facts disclosed in this record, cannot claim a wilful and malicious desertion. Where the husband has assented to the separation between himself and his wife he cannot charge her with wilful and malicious desertion within the meaning of the divorce law. While it is true that a husband has the right to select a domicile, he must nevertheless procure

a proper home for his wife, and offer honestly and in good faith to take her there to live: Gordon v. Gordon, 208 Pa. 186; Pearce v. Pearce, 53 Pa. Superior Ct. 129; Crandall v. Crandall, 66 Pa. Superior Ct. 153. We assume that the testimony of the libellant is as strong as he can make it, and despite the irregularities in the record, as above indicated, we conclude that there is not sufficient evidence to warrant the court in granting the decree in divorce.

The decree entered is reversed, and the libel dismissed at the cost of the appellee.