## Knipe, Appellant, *v.* Knipe.

*Divorce—Desertion—Evidence—Sufficiency.*

In an action for divorce on the ground of desertion, evidence that the husband failed to provide for his wife, and acquiesced in her leaving him to live with her own relations, because of such neglect, is not sufficient to warrant the granting of a decree in divorce.  Nonsupport is not desertion.

Argued December 2, 1924.  Appeal, No. 258, Oct. T., 1924, by libellant, from decree of C. P. Schuylkill Co., May T., 1923, No. 294, dismissing libel in divorce in the case of Florence R. Knipe v. Oscar Knipe.  Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Libel in divorce.  Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Edgar Downey, Esq., as master, who recommended that a divorce should be granted.  On exceptions to the master's report the court sustained the exceptions and dismissed the libel.  Libellant appealed.

*Error assigned* was the decree of the court.

*Edmund D. Smith,* for appellant.

No appearance and no printed book for the appellee.

OPINION BY TREXLER, J., February 27, 1925:

The libel for divorce alleges desertion on the 5th day of April, 1921, and theretofore such indignities to the person as to render libellant's condition intolerable and her life burdensome. The parties were married in 1902 and lived together in this state until November, 1920, when they moved to Dallas, Texas. They had a hard time of it there. The husband was improvident, was a morphine addict and they were forced out of their home for nonpayment of rent. He failed to supply any provisions for the family. The wife wired to her sister and received money to go home. She offered to him to leave Dallas, that there was a place where they could rent tents very cheaply and they should go there, but he told her to go home. She left on the 4th of April, 1921, with the children and came to their former home, Orwigsburg, Pa. Since that time he has contributed nothing to their support. She alleges that at night he would take a searchlight and go through the house with a revolver and this caused her to be afraid of him, and, she was compelled to withdraw from his home on account of his cruel and barbarous treatment. This incident about the revolver seems to be brought in more for the purpose of obtaining the divorce than for any actual fear this woman had. The daughter, who was with her, had no fear of her father. There is nothing in the whole testimony which shows that he uttered any threats, that he was ever remonstrated with for carrying this revolver or asked to put it away, or told of its effect upon his wife or informed she would leave him if he continued going around with it. So we may dismiss that part of the case as did the master and the court as not showing such cruel and barbarous treatment as would entitle her to a divorce on that ground. There remains, therefore, the question of whether his telling her to leave him on the 4th of April, 1921, coupled with the other circumstances is sufficient to support a charge of desertion on his part. The master held that the respondent virtually abandoned

the libellant and their children at Dallas, Texas, April 4, 1921. "He permitted them to go penniless and refused to provide any longer for them. He told her, the libellant, to go home and she had nothing else to do. He has never since provided a home and support for her and the children and has never offered them any." We agree with the court below, although this case is a hard one and may well move one's sympathy, that in conformity to the standards set by law, we must refuse the divorce. The libellant having left her husband, she must show that she was justified in her course. He certainly did not by any overt acts treat her so cruelly as to compel her to abandon their common home. The fact that he was a morphine addict and failed to support her would not justify a divorce. Drunkenness, indolence, or thriftlessness are not alone ground for divorce: Mason v. Mason, 131 Pa. 161. Nonsupport is not desertion. The conversation which took place when she left seems to have consisted in a discussion as to where they should live. Under the circumstances, he not having a means of providing a home, chose the alternative of having her go to her folks. What was said in Ingersoll v. Ingersoll, 49 Pa. 249, 251, may well be applied to the present case, "The neglect of the husband to provide for his wife, as he was bound to do, and his acquiescence in her leaving him to seek from her kinsfolk the support which he owed her, are fully established in the proofs, but evidence is wholly wanting of that 'wilful and malicious desertion and absence from the habitation of the wife, without a reasonable cause for and during the term and space of two years,' which is necessary under our statute to support her libel for a divorce. Instead of the husband's desertion, she left him, with his consent to be sure, and for the best of reasons, and so was not, herself, guilty of desertion, but if her voluntary withdrawal was not desertion on her part, much less can it be considered as desertion on his part." When she left him she apparently was sick of her bargain and was as willing to go

as he was to have her go for she did not concern herself about her husband since. What seems to take the force out of her narrative is the fact that he visited her in Orwigsburg, Pa., on Decoration Day, that he was willing to stay with her if she would support him, but that her brother interfered and put him out. This act on his part is certainly not consistent with the idea that he wished to get rid of his wife and had deserted her. If he had such intention he certainly did not persist in it for two years. The case lacks that clear and satisfactory evidence which authorize a decree in favor of the libellant. We, therefore, think the lower court was right in refusing the divorce.

The decree is affirmed, libellant to pay the costs.