Helm *v.* Helm, Appellant.

Argued November 14, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Alexander Fried,* with him *Clinton A. Sowers,* for appellant.

**24**

*Thomas S. Lanard,* for appellee.

OPINION BY KELLER, P. J., January 30, 1941:

This was an action in divorce brought by a husband against his wife on the ground of desertion. The master recommended a decree of divorce. The court dismissed the exceptions filed to the master's report and entered a decree granting libellant a divorce as prayed for. Both the master's report and the lower court's opinion show careful consideration of the evidence and the applicable law, and we are in general accord with them.

The evidence shows that the respondent left the common home on May 5, 1937 and that she had not lived with the libellant after that date. She attempted to prove that her leaving the home was not wilful and malicious desertion by alleging cruel and barbarous treatment at the hands of the libellant and indignities to her person offered by him such as to render her condition intolerable and life burdensome, thereby justifying her withdrawal from the common home. The burden of proving those allegations was on her. We do not deem it necessary to discuss at length the more than three hundred pages of testimony on this point. We agree with the master and the court below that the evidence produced on her behalf failed to sustain her charges, and, in consequence, that she had shown no justification for leaving the common home and, therefore, was guilty of wilful and malicious desertion as of May 5, 1937.

Having left the common home without legal justification, she was the party at fault and in order to defeat libellant's right to a divorce on the ground of desertion it was necessary for her to show a bona fide offer of reconciliation on her part, made in good faith within two years after May 5, 1937, pursuant to a sincere desire on her part to return to her husband and resume marital relations: *Ward v. Ward,* 117 Pa. Superior Ct.

125, 130, 131, 177 A. 515. If this had been done, and her husband had refused to take her back, the subsequent wilfulness and malice of the desertion would have been wanting and his right to a divorce on the ground of desertion would have been defeated: *Neagley v. Neagley*, 59 Pa. Superior Ct. 565, 571. Her attempt to show such an offer of reconciliation and return and its refusal by her husband was an utter failure.

(1) In the first place, when the law speaks of a bona fide offer of reconciliation and return made by a deserting wife (or husband), it does not contemplate a cold, formal offer, made on behalf of the *guilty party* by her *attorney*, to go back and live with her husband, but an honest and sincere *request made by her to her husband* to take her back and resume marital relations, resulting from a real regret for having left him: *Gordon v. Gordon*, 23 Pa. Superior Ct. 261, 265, 266, affirmed 208 Pa. 186, 187, 57 A. 525; *McClurg's Appeal*, 66 Pa. 366, 372, 373; *Michell v. Michell*, 134 Pa. Superior Ct. 230, 235, 3 A. 2d 955; *Peters v. Peters*, 138 Pa. Superior Ct. 534, 538, 539, 10 A. 2d 867. The evidence in this case showed nothing approaching such an offer of reconciliation—it negatived any such sincere desire for a reconciliation on her part; and the evidence of her *attorney*, if the case had been reopened, could have shown none within the contemplation of the law. Her own testimony as to what occurred at the meeting between her and her attorney and her husband and his attorney established that her attitude was not that of a wife, seeking in good faith a reconciliation with her husband, whose abode she had left without just cause, and desiring to resume the marital relation which she had interrupted.

(2) Nor was the necessity for such a bona fide offer of reconciliation and return within two years rendered unnecessary by the fact that the husband, after waiting a reasonable time, closed the house and it was sub-

sequently sold. The law does not contemplate that the deserted husband (or wife) must, after the desertion, continue to live in the same home for two full years, or that if he moves elsewhere or gives up housekeeping because of her absence, her desertion is kept in abeyance until he goes back to the prior common home or establishes a new one. It is none the less the duty of the deserting wife in good faith, within two years, to seek a reconciliation with her husband and to offer to live with him again in such a home as may be available to them, if she intends to stop the running of the two year desertion period and free herself of the charge of a continued desertion.

A full review of the evidence satisfies us that the libellant was justly entitled to his decree.

The decree is affirmed.