HOWELL SEVIL v. MARY ELLEN SEVIL.

(*June* 6, 1945.)

TERRY, J., sitting.

*Arley B. Magee, Jr.,* for the plaintiff.

*Max Terry* for the defendant.

Superior Court for Kent County, ▆▆▆ No. 22, October Term, 1944.

TERRY, J.:

The plaintiff in the above-stated case preferred his petition to this Court praying for a divorce from his wife on the ground of wilful desertion.

The allegations set forth in the petition are in the usual form, and it will suffice to say that they are adequate.

The cause for divorce is found under Subparagraph (e) of Paragraph 3500 of the *Revised Code of Delaware* 1935: "Wilful desertion for two years."

The plaintiff contends that after his marriage to the defendant they established a matrimonial domicile in this county; that they lived here as husband and wife until on or about May 1, 1942, at which time the defendant wilfully deserted the plaintiff.

The defendant admits that on May 1, 1942, she did wilfully desert her husband, and that such desertion continued and was uninterrupted until some time during the latter part of December, 1943, at which time she and her husband agreed

to resume their marital relationship by a resumption of co-habitation in the city of Wilmington, and by reason thereof the continuity of the operation of the statutory period as set forth above was interrupted and from that date on the wilfullness of the defendant's desertion ceased.

The defendant contends that as of May 1, 1942, she left her husband and went to Baltimore, Maryland, and took with her their young daughter, where she rented an apartment and obtained employment; that beginning on or about November, 1943, a series of conversations and letters were exchanged between her and her husband, wherein, and as an outgrowth thereof, sometime during December of 1943 she and her husband agreed that they would resume their co-habitation as husband and wife. She contends that in accordance with their understanding she was not to sell the furniture she had in her Baltimore apartment, and that she was to come to Wilmington, Delaware, and there look for and obtain a suitable place to live; that during December, 1943, she gave up her employment in Baltimore and came to Newark, Delaware, where she remained at the home of an aunt of the plaintiff while looking around for a house or an apartment. She contends the plaintiff met her in Wilmington and that they together looked at new houses and discussed whether or not they would buy a place, but that they were unable to find a house within their financial means. They agreed, therefore, to rent an apartment; later in the week the defendant found an apartment that she thought would be suitable and asked the plaintiff if he would come and look at it, to which he replied, "No, if you are satisfied with it, I will be." He told the defendant to pay a month's rent, and when she inquired from the owner what deposit was necessary, she went back to her husband and to'd him the amount of the rent, to which he replied, "Let me think it over." Later he told her, "It is all off."

Certain letters written by the plaintiff to the defendant were offered in evidence to corroborate her testimony, as the same pertained to a reconciliation and an understanding to resume cohabitation. Necessity does not require quotations from these letters, and it will suffice to say that but one conclusion can be drawn from a reading of them; that is, that the parties had agreed to resume their marital relationship by cohabitation.

The plaintiff in answer to the contentions as raised by the defendant argues that a bona fide effort on the part of the defendant to return and resume cohabitation is of no import, as there must in fact be a resumption of cohabitation in order for the continuity of the operation of the statute to be interrupted.

The question presented is narrow. Did the wilful desertion on the part of the defendant terminate in December, 1943, causing the continuity of operation of the statutory period of two years to be interrupted? This suit was filed on September 25, 1944—more than two years after June 1, 1942, the date of the alleged wilful desertion.

The word "wilful" as associated with the word "desertion," as employed in Paragraph 3500 aforesaid, does not mean a desertion predicated upon an agreement between the parties; rather, the words imply a determined or intentional desertion without any acquiescence on the part of the party deserted.

Of course, the mere offer on the part of the defendant in this case to resume cohabitation with the plaintiff, even though refused by him, would not of necessity interrupt the continuity of the operation of the statute—more is needed—but the law does not exact an agreement between the parties nor a resumption of their marital relationship by cohabitation; rather, it merely imposes upon the offender nothing more than a clear manifestation to return and re-

sume cohabitation based upon a sincerity of purpose which is real, honest, and bona fide in all its aspects, and if such is shown and if the plaintiff refused to take the defendant back, the subsequent wilfulness will be found to be wanting and the right to a divorce on the ground of wilful desertion defeated. 27 *C. J. S., Divorce*, § 38, pp. 576, 577; *Rich v. Rich*, 109 *N. J. Eq.* 216, 156 A. 442; *Helm v. Helm*, 143 *Pa. Super*. 22, 17 A. 2d 758.

■ The Courts of this State since the inception of their jurisdiction in matters of divorce have consistently frowned upon the living apart of husband and wife except for grave and serious causes; so it follows that when a husband or a wife wilfully deserts the other and an effort to return is shown within the statutory period of two years the one originally offended must show that the purpose underlying the offender's attempt to become reconciled is not sincere, real, honest, or bona fide, as in the case of *De Blois v. De Blois*, 3 *W. W. Harr.* (33 *Del.*) 430, 138 A. 640; or the refusal must be based upon some act of conduct other than desertion and of such import as to form the basis for an action of divorce under another section of the divorce act.

In the present case the sincerity of purpose on the part of the wife in attempting to effectuate a reconcilation with her husband is not denied.

■ The state of the law evidences a necessity for reconciliation on the part of the plaintiff under the facts. The continuity of operation of the statutory period of two years for wilful desertion was interrupted in December, 1943.

The plaintiff's petition must be denied.