## Hager *v.* Hager, Appellant.

Argued March 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Daniel P. Dougherty,* for appellant.

*Frank X. York,* for appellee.

OPINION BY DITHRICH, J., April 10, 1946:

Libellant, a widower 55 years of age, and respondent, a widow of approximately the same age, on September

14, 1940, entered into what manifestly was a marriage of convenience, especially on her part. As so frequently happens in such cases, the marriage within a few months went on the rocks.

Libellant was the father of nine children by a former marriage and respondent was the mother of seven. No children were born of the present marriage. All but one of libellant's children were living at home with him, and the youngest of respondent's children, a son aged seventeen, joined the libellant's household after the marriage. The master appointed by the court to hear the testimony and make a report of his findings found that respondent ". . . apparently did not enter into wedlock with the libellant on a basis of wifely love and affection, but rather to improve her economic condition." Whether or not it was improved does not clearly appear from the testimony, but respondent obviously was not happy or contented in her new home for, as stated by the master, "Very, very soon after they were married she commenced a series of leavings." These continued at frequent intervals until January 16, 1942, when the final separation took place.

Respondent testified that she was forced to leave because of libellant's cruel and barbarous treatment and indignities to her person, but the master who saw and heard the witnesses found as a fact that she was not forced to leave her husband on those or any other ground; his finding was sustained by the court, and after a careful and independent review of the testimony, we can see no reason for disturbing the finding or the consequent conclusion that respondent was guilty of wilful and malicious desertion.

But the master further found as a fact that after a court hearing on a charge of desertion and non-support brought by respondent, she made a bona fide offer to return to libellant's domicile and to resume living with him on August 1, 1942, as suggested by the court at the hearing, but that libellant ". . . failed to make her

welcome and . . . evidenced a desire not to have her rejoin him."

If the offer was made in good faith and rejected by the husband, his right to a divorce on the ground of .desertion would be defeated, since the subsequent wilfulness and malice of the desertion would have been wanting. *Helm v. Helm,* 143 Pa. Superior Ct. 22, 17 A. 2d 758. The master, although he made no recommendation but left the question entirely up to the court, said: "It is difficult for me to ascribe bad faith to a return based on a promise made to our Judge in the Quarter Sessions." But the court, who in our opinion was better able to judge of respondent's motive, viewed the offer in a different light. Without discussing the testimony at length, it appears that although respondent had returned to Lansford, where her husband was domiciled, several days before, after visiting a daughter in New York, she waited until August 1, the last day within the time fixed by the court, to return to her husband. And then, as found by the court, " . . . she approached her husband as though he were the party at fault and wanted to know of him what he proposed to do in the future if she would consent to resume the marital relationship." In the course of the conversation which took place on the front porch in the hearing of neighbors, respondent, talking in a loud voice, made a vulgar remark, the purport of which was that libellant was not fooling her, that he was running around with another woman, and then went over and sat down on the front porch of a neighbor. She made no further effort to affect a reconciliation with her husband. She had no personal belongings with her and no clothing other than what she wore.

No other conclusion can reasonably and fairly be reached than that, as testified to by witnesses for libellant, respondent said she had gone back because the court had told her to and that the purpose of her return was to bolster her charge of non-support. As stated

by the learned judge of the court below: "The record is entirely devoid of evidence from which the Court could conclude that she expressed any regret to the Libellant for having left him, or that she made an honest and sincere request to him to take her back." What was said by KELLER, P. J., in *Helm v. Helm*, supra, p. 24, 25, may most appropriately be said here: "Having left the common home without legal justification, she was the party at fault and in order to defeat libellant's right to a divorce on the ground of desertion it was necessary for her to show a bona fide offer of reconciliation on her part, made in good faith within two years . . . pursuant to a sincere desire on her part to return to her husband and resume marital relations: Ward v. Ward, 117 Pa. Superior Ct. 125, 130, 131, 177 A. 515 . . . Her attempt to show such an offer of reconciliation and return and its refusal by her husband was an utter failure."

The decree is affirmed.