Bozarth, Appellant, *v.* Bozarth.

Submitted October 3, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*P. B. Roads,* for appellant.

*James P. Bohorad* and *David M. Kaufman,* for appellee.

OPINION BY ROSS, J., October 30, 1946:

In this contested divorce action brought by the husband, the libel alleged that the respondent in May 1935 wilfully, maliciously and without reasonable cause deserted the libellant and that such desertion continued to the time of the filing of the libel in 1942. After an answer was filed, a hearing was held before a master who recommended that the divorce be granted. Excep-

tions filed thereto were sustained by the court below, the libel dismissed and this appeal followed.

The parties were married in 1922 and prior to 1935 lived together in Egg Harbor, N. J. In January of the latter year, the libellant because of his employment went to live in Pottsville, Pa., where he has since resided; and in May of that year the wife and their two children moved from Egg Harbor to Northfield, N. J. The libellant testified that at that time he requested his wife to come to Pottsville but that she refused. He also testified that many times thereafter he requested his wife to come to Pottsville but that she refused to do so. There was no corroboration of his testimony. The wife denied that the libellant had ever asked her to come to Pottsville and that on the contrary testified that she wanted to go and many times requested the libellant to take her and their two children to live with him there. She was corroborated by the 15-year-old daughter.

A decree may be supported by the testimony of the complainant alone but if this testimony be contradicted and shaken by the respondent and there be no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out. *Kurtz v. Kurtz,* 124 Pa. Superior Ct. 588, 189 A. 569; *Wise v. Wise,* 157 Pa. Superior Ct. 599, 43 A. 2d 368. In this case not only are there "no convincing circumstances" but the following facts are undisputed: (1) the house in Northfield, N. J., in which the respondent and the children reside is owned by the libellant; (2) respondent had requested libellant's permission to move from Egg Harbor to Northfield and he had given this permission; (3) libellant moved his wife and children from Egg Harbor to Northfield; (4) he visited his family many times there; (5) he has paid all the upkeep of the household and has contributed regularly to his wife. These facts are inconsistent with the libellant's allegation that his wife wilfully and maliciously deserted him

without cause; and even if the testimony of the respondent relative to her frequent requests that she and the children be taken to Pottsville to live with the libellant be disregarded, the libellant establishes nothing stronger than a consentable separation which will not support a decree of divorce. *Saville v. Saville,* 76 Pa. Superior Ct. 458.

A divorce will not be granted unless the grounds alleged in the libel are clearly established by the evidence. *Ulizio v. Ulizio,* 96 Pa. Superior Ct. 91. The burden is upon the libellant to prove his case by clear and satisfactory evidence, and there must be a preponderance of the evidence in his favor. *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69; *Rinoldo v. Rinoldo,* 125 Pa. Superior Ct. 323, 189 A. 566.

After a careful examination and consideration of the entire record, we are of the opinion that the libellant has not sustained the burden which the law casts upon him to entitle him to a divorce.

Order dismissing libel is affirmed.