Opinion by
 

 Fine, J.,
 

 In this divorce action, brought by the husband on the ground of desertion, the master who heard the case recommended a decree of divorce and the court below dismissed the wife’s exceptions and granted the divorce. From our consideration of the evidence we find ourselves in agreement with the master and the lower court. The decree will be affirmed.
 

 The parties were married on January 26, 1919, and resided together in Greensburg until June 13, 1933, when, while the husband was at his jewelry store, and
 
 *308
 
 without any notice, hint or intimation to him of her intention, the wife left the marital home, taking with her their three children. The wife had left the libellant on two previous occasions. At the last separation she sold part of the furniture,—a parlor suite,—to a neighbor, left some pieces of furniture for her husband and moved the remainder to a Pittsburgh residence, hurriedly secured for her by her brother or other member of her own family. That the respondent intended to leave and live apart from the libellant is crystal clear.
 

 The withdrawal by the wife from the common domicile and the cessation of marital relations imposed upon her the burden of proof to establish by the preponderance of evidence facts that would entitle her to a decree in divorce
 
 (Rosa v. Rosa,
 
 95 Pa. Superior Ct. 415) or that the separation was by consent. There is no persuasive or convincing evidence in the record upon which to predicate libellant’s consent to the separation before or at the time of the departure-, or within two years thereafter. Mere silence or lack of appeasement on the part of the husband cannot be construed as consent to the separation. The applicable law is stated in
 
 Ewing v. Ewing,
 
 140 Pa. Superior Ct. 448, 452, 14 A. 2d 149: “Mere silence does not establish consent. The respondent having withdrawn from the home it Avas not incumbent upon the libellant to seek a reconciliation nor to ask the Avife to return. To the contrary it is the duty of a deserting wife to seek an appeasement and until this has been done consent to the separation is not established: Ward v. Ward, 117 Pa. Superior Ct. 125, 177 A. 515; Thomas v. Thomas, supra; Wilhelm v. Wilhelm, 130 Pa. Superior Ct. 143, 197 A. 496.” Silent acquiescence is not consent; such negative evidence does not satisfy the legal requirement that there must be proof of some affirmative conduct amounting to participation in the separation.
 

 
 *309
 
 Assuming the libellant on occasions urged his wife to leave their home, it is apparent she considered such statements meaningless. Cf.
 
 Ogram v. Ogram,
 
 162 Pa. Superior Ct. 266, 268, 57 A. 2d 577. If made, those statements did not initiate the separation nor have the slightest effect on its consummation. It is manifest financial difficulties spawned the marital troubles of this couple and motivated their separation. As stated by the master: “. . . a great part of the respondent’s grievance against her husband seems to be based upon his failure to provide for her in a financial way. Her testimony is shot through and through with references to libellant’s not providing enough food or means for his wife and family; she asserts that they never had enough and that her husband would contribute nothing. As far as this testimony applies to the period for several years preceding the separation in 1933, judicial notice can be taken of the fact that that period covered the depths of the great depression. This factor, coupled with the fact shown in the testimony that in 1933 the libellant went through bankruptcy in his business and that he also suffered a nervous breakdown, leads to the conclusion that a scarcity of cash and means of support and maintenance in the home were not the result of the meanness or parsimoniousness of the husband and father, but were caused by forces of misfortune and disaster beyond his control.” See
 
 Strobel v. Strobel,
 
 100 Pa. Superior Ct. 536, 538;
 
 Ussler v. Ussler,
 
 158 Pa. Superior Ct. 215, 216, 44 A. 2d 526.
 

 The respondent has utterly failed to adduce sufficient evidence of the quality necessary to carry her burden of showing consent subsequent to the separation. Her alleged offer of reconciliation, couched in the following-reproachful language: “What are you willing to do—go back? I can’t eat the bricks in the house,” lacked good faith, portrayed belligerency, was conditional and was challenging- rather than conciliatory. Her attitude is
 
 *310
 
 well described in
 
 Hager v. Hager,
 
 159 Pa. Superior Ct. 66, 68, 46 A. 2d 326: “ ‘. . . sbe approached her husband as though he were the party at fault and wanted to know of him what he proposed to do in the future if she would consent to resume the marital relationship.’ ” Cf.
 
 Doemling v. Doemling,
 
 118 Pa. Superior Ct. 426, 430, 179 A. 813. Whatever their daughter may have said or done to induce the libellant to return falls short of a bona fide offer on the part of the respondent to return to the common domicile. Likewise, all other testimony adduced by respondent to establish offers of reconciliation lacked probative force, was vague and indefinite.
 

 The respondent has also failed to meet the burden cast upon her to show justification for the separation,—• that her leaving was for a reasonable cause or causes. In other words, she did not show by a preponderance of the competent evidence that the treatment, prompting the separation, was such as to entitle her to a divorce. As we have already discussed the causal connection between the financial stringencies of the parties and their separation, which of course furnishes no legal excuse, cause or basis for the separation itself, we pass to other reasons belatedly assigned by respondent for the breach of the marital relationship. For proof of reasonable cause, she produced an endearing letter, allegedly written to him seven years prior to the desertion by a love smitten girl, and she testified to his misconduct with a woman employe to prove improper intimacies or an immoral relationship. The libellant denied the accusations which respondent based upon the letter. The only disinterested witness, called by the respondent to testify to libellant’s intimate relationship with his employe, denied that he saw any improper conduct or suspicious act of libellant. Some actions of the libellant might have been reprehensible and suspicious, and could have raised a doubt about the probity of his conduct. However, it was incumbent upon the respondent
 
 *311
 
 to establish cruel and barbarous treatment or adultery, —which we do not apprehend she seriously tried—or to prove indignities by a clear preponderance of the testimony in order to establish justification for the separation. “Of course there was no obligation on the respondent to return to her husband during the period of an adulterous relationship with another woman (citing cases)”:
 
 Sobotowich v. Sobotowich,
 
 165 Pa. Superior Ct. 60, 63, 67 A. 2d 637. But, she has not justified the desertion on that ground because adultery has not been proven, if such was her purpose; and she has utterly failed to justify desertion by proof of cruel and barbarous treatment. Neither was his alleged misconduct with women, in conjunction with his other actions, sufficient to establish indignities. Moreover, at no time did she inform him that his conduct with other women was the reason for her separation and its continuance. She apparently was willing to discuss financial arrangements with him when they were brought together by her friend, Hazel B. Brown, for the purpose of effecting a reconciliation, yet, at that time, she evinced no resentment to or concern about any previous misconduct of libellant, which, it seems to us, would have been the natural reaction of an innocent and injured spouse outraged by her husband’s actions.
 

 The libellant has satisfactorily explained his weekly contributions for the support of his wife:
 
 Halley v. Halley,
 
 113 Pa. Superior Ct. 206, 211, 172 A. 103. His visits to the home of the respondent were for the purpose of seeing his children and manifestly do not tend to prove his consent to the separation.
 

 In this case the testimony of the libellant and his witnesses is denied in most details by the respondent and her Avitnesses. Our acceptance of the libellant’s proofs as true is supported by the master’s appraisal of their testimony. He said: “. . . the libellant categorically denies the most damning charges against him. His
 
 *312
 
 denials, explanations and justification were, in the opinion of the Master, more credible testimony than much given by the respondent.” It was also aptly stated by the court below: “The Master, who saw the witnesses and who was better able to judge of their credibility, did not accept the statements of the respondent and her witnesses and this Court is inclined to agree with him.” Cf.
 
 Konosa v.
 
 Konosa, 165 Pa. Superior Ct. 140, 143, 67 A. 2d 662.
 

 While the delay (twelve years) in bringing this action has a direct bearing upon the good faith of the libellant, we are satisfied the action was instituted “in sincerity and truth, for the causes mentioned” in the complaint and not “for the mere purpose of being freed and separated” from the respondent. Cf.
 
 Garroway v. Garroway,
 
 163 Pa. Superior Ct. 317, 61 A. 2d 379. The alleged acts of cruel and barbarous treatment and of indignities, including libellant’s conduct with other women, which she presented as reasons for her leaving her husband’s habitation, fall far short of justifying a divorce to her on those grounds and hence did not furnish reasonable cause for her leaving him.
 

 Decree affirmed.